■ RAINEY D. KING, Respondent, v SKYE KING, Appellant.— Order, Supreme Court, New York County (Jacqueline Silbermann, J.), entered December 23, 1988, which, inter alia, granted plaintiff's motion to compel defendant to pay arrears and child support, granted plaintiff attorney's fees on the motion, and denied defendant's cross motion to impose a constructive trust on the leasehold of the former marital residence, unanimously affirmed, without costs.

Uncontradicted evidence shows that defendant engaged in a self-help remedy of deducting from child support payments his legal costs in bringing an action to compel his former landlord to restore his name to the lease, and his costs in paying for two parking garage spaces over which he has exclusive use

under the terms of the separation agreement. This action was unilateral and unwarranted. Accordingly, not only was the IAS court justified in ordering payment of the arrears, but also in ordering payment of plaintiff's counsel's fees, which would not have been necessary but for defendant's actions. *(Fabrikant v Fabrikant,* 19 NY2d 154.)

The imposition of a constructive trust over a leasehold requires, among other elements, unjust enrichment. *(Baker v Latham Sparrowbush Assocs.,* 137 AD2d 934, 936, *lv denied* 72 NY2d 809.)* Defendant has not shown unjust enrichment. Not only has plaintiff cooperated in his legal efforts to restore his name to the lease, but the record shows that the defendant will obtain this relief as soon as his attorney enters an order against the landlord, who appears to be in default.

We have considered defendant's other arguments and find them to be without merit. Concur—Carro, J. P., Kassal, Ellerin, Wallach and Rubin, JJ.