■ SHERI S. HAIBI, Respondent, v ILAN HAIBI, Appellant.— In a matrimonial action in which the parties were divorced by judgment dated August 31, 1981, the defendant husband appeals from an order of the Supreme Court, Kings County (Rigler, J.), dated June 8, 1989, which, *inter alia,* awarded the plaintiff $3,150 for child support arrears.

Ordered that the order is affirmed, with costs.

The plaintiff's motion, *inter alia,* for leave to enter a money judgment for child support arrears was originally referred to a Judicial Hearing Officer on September 14, 1988, to hear and determine the issues. However, when the parties appeared before the Judicial Hearing Officer, the defendant refused to consent to have the matter determined by the Judicial Hearing Officer. The court subsequently modified the original reference and sent the matter back to the Judicial Hearing Officer to hear and report. The Judicial Hearing Officer ultimately issued his report containing findings favorable to the defendant, including a finding that he was current with his child support payments. The defendant then moved in Supreme Court to confirm the report. However, the court rejected certain findings of the Judicial Hearing Officer and determined that the defendant was $3,150 in arrears with respect to his child support payments.

We reject the defendant's contention that the Supreme Court was bound by its original reference directing the Judicial Hearing Officer to hear and determine because the modification of that reference does not appear on the record. To the contrary, the record is clear that the defendant refused to consent to have the Judicial Hearing Officer determine the matter. Subject to certain exceptions not applicable here *(see,* CPLR 4317 [b]), an order of reference to hear and determine may only be made upon the consent of the parties *(see,* CPLR 4317 [a]; *Schanback v Schanback,* 130 AD2d 332; *Sternberg v Sternberg,* 88 AD2d 950). Thus, the court acted properly in making its own findings of fact.

With respect to the defendant's claim that the court erroneously interpreted the parties' divorce judgment to require him to disclose increases in his base pay immediately and to raise his child support payments accordingly, we find that the

Supreme Court correctly applied the law of the case doctrine to preclude the defendant from relitigating an issue which was previously addressed in an order of the same court dated April 3, 1987 (see, Baron v Baron, 128 AD2d 821; see also, Post v Post, 141 AD2d 518). Although this court is not bound by the law of the case doctrine with respect to prior orders of the Supreme Court from which no appeal has been taken, we decline to exercise our discretion to address the merits of the defendant's contention.

We have reviewed the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Kooper, Harwood and O'Brien, JJ., concur.