■ MARIANNE BROWN, Respondent, v STEPHEN KEATING, Appellant.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about May 17, 1991, which granted plaintiff's motion to enforce a stipulation of settlement and for an award of attorney's fees, and denied defendant's cross-motion to enforce the stipulation, unanimously affirmed without costs. Plaintiff's application for additional counsel fees on the appeal is denied without costs.

The stipulation in issue provides that plaintiff wife would owe defendant husband no money if the sale of the marital residence did not realize a "net profit" above the "upset price", defined as the balance due on the mortgage plus the brokerage fee. In fact, the sale did realize an amount in excess of the "upset price", but additional closing costs more than exceeded the difference. To interpret such a sale as having realized a "net profit", as the husband does, would leave the term "net" meaningless *(see, Two Guys v S.F.R. Realty Assocs.,*

63 NY2d 396, 403). For the reason that the husband had no right to engage in a self-help remedy *(King v King,* 159 AD2d 347), the IAS court properly awarded the wife counsel fees necessary to enforce the stipulation *(Holliday v Holliday,* 58 AD2d 619). Finally, the husband's claim that the wife improperly retained his personal property in the marital residence is without merit and was properly rejected by the IAS court. Concur—Murphy, P. J., Carro, Rosenberger, Kupferman and Ross, JJ.