■ AVID EQUITIES, LTD., et al., Plaintiffs, and JOSEPH WASSNER, as Trustee of ARNAV INDUSTRIES, INC. EMPLOYEES RETIREMENT TRUST, et al., Appellants, v COMMERCE AND INDUSTRY INSURANCE COMPANY, Respondent. [639 NYS2d 352]

As a matter of discretion, pursuant to law of the case principles, we give effect to the IAS Court's prior unappealed determination that New York law applies. Moreover, we agree that this is a matter of loss allocation and contract, rather than a tort case or a case involving conduct regulation, such that the grouping of contacts analysis applies. All of the most significant contacts were with New York (*see, Matter of Travelers Indem. Co. [Levy]*, 195 AD2d 35, 38-39).

Summary judgment was properly denied since appellants have not sustained their initial burden of proving a fortuitous loss, rather than an event that could reasonably have been expected to occur over a period of time (*see, Vasile v Hartford Acc. & Indem. Co.*, 213 AD2d 541). Further, the issue as to whether the standard mortgage clause attaches to the all risk policy, raised by appellants, should be decided at the trial level.

---

The applicability of the so-called liberalization clause is improperly raised for the first time on appeal and we decline to consider it (*see, City of New York v Stack*, 178 AD2d 355, *lv denied* 80 NY2d 753). Were we to consider it, we would find the clause inapplicable to the alleged modification of the insurance agreement (*see, Char-Mo Investors v Market Ins. Co.*, 44 NY2d 793). Concur—Sullivan, J. P., Wallach, Rubin and Tom, JJ.