■ NICHOLAS BATISTA et al., Respondents, v DELBAUM, INC., Defendant. UNITED STATES LIABILITY INSURANCE COMPANY,

Intervenor-Appellant. [650 NYS2d 219] —Order, Supreme Court, New York County (Alfred Toker, J.H.O.), entered June 28, 1995, which denied intervenor United States Liability Insurance Company's motion for an order vacating the judgment and bill of costs entered on or about March 3, 1995 in favor of plaintiffs Nicholas Batista and Martin Martinez against defendant Delbaum, Inc. and dismissing plaintiffs' complaint against Delbaum for failure to take proceedings for the entry of judgment within one year, is unanimously reversed, on the law, without costs, and the order is vacated.

It is well settled law that an order of reference to a Judicial Hearing Officer (J.H.O.) to hear and determine is permissible only with the consent of the parties (CPLR 4317 [a]; *McCormack v McCormack*, 174 AD2d 612; *Haibi v Haibi*, 171 AD2d 842), and that such consent is an "essential jurisdictional predicate" (*Litman, Asche, Lupkin & Gioiella v Arashi*, 192 AD2d 403).

In the matter before us, the Order to Show Cause signed by the Judicial Hearing Officer represents J.H.O. Toker to be a Justice of the Supreme Court, while the June 28, 1995 order which is on appeal indicates his actual position as Judicial Hearing Officer. There is no record of an order of reference or an agreement between the parties to have a Judicial Hearing Officer decide United States Liability's motion. Since there is no demonstration that United States Liability acquiesced in the submission of its motion to a Judicial Hearing Officer, the order must be vacated. Concur—Rosenberger, J. P., Rubin, Ross, Tom and Andrias, JJ.