■ MAUREEN DUNLEAVY, Appellant, v WILLIAM A. WHITE et al., Respondents. [653 NYS2d 597] —Order of the Supreme Court,

New York County (Alfred Toker, J.H.O.), entered September 13, 1996, which, *sua sponte*, bifurcated the instant personal injury action into separate trials for liability and for damages, unanimously reversed, on the law, without costs, and the order vacated.

Plaintiff, who sustained personal injury as the result of an assault, challenges the authority of a Judicial Hearing Officer to order bifurcation of the trial. In response, defendants argue that the Judicial Hearing Officer was assigned to preside over IA Part 40 in New York County pursuant to Judiciary Law § 851 (2) and 22 NYCRR 122.6 (b). In that capacity, they contend, the law provides that he " 'shall have all the powers of a court in performing a like function' " (quoting *Lipton v Lipton*, 128 Misc 2d 528, 530). They conclude that because bifurcation of trial is "a function of the calendaring part", it was within the authority of the Judicial Hearing Officer to order separate trials of liability and damages.

The language quoted from the *Lipton* case (*supra*) by defendants is taken from CPLR 4301, captioned "Powers of referee to determine". In material part, it provides: "A referee to determine an issue or to perform an act shall have all the powers of a court in performing a like function * * * For the purposes of this article, the term referee shall be deemed to include judicial hearing officer." CPLR 4301 clearly contemplates an order of reference, from which the authority of the Referee is derived. The next section provides that the order "shall direct the referee to determine the entire action or specific issues, to report issues, to perform particular acts, or to receive and report evidence only" (CPLR 4311). The provision for a direction "to determine the entire action or specific issues" suggests that the decision to try the whole case or just the issue of liability will already have been made and, indeed, the discretion to "determine the sequence in which the issues shall be tried" is expressly vested in the court by CPLR 4011. Furthermore, a Referee conducting a trial is limited to the determination of trial motions (CPLR 4318) and has no statutory authority to decide pretrial motions. Without the consent of the parties, the Judicial Hearing Officer had no power to decide the motion (*Batista v Delbaum, Inc.*, 234 AD2d 45), and the *sua sponte* order bifurcating trial must be vacated. Concur—Nardelli, J. P., Rubin, Mazzarelli and Andrias, JJ.