■ VERA KESSLER, Respondent, v JEROME KESSLER, Appellant. [663 NYS2d 664] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief,

from so much of a judgment of the Supreme Court, Kings County (Douglass, J.), entered August 1, 1996, as, after a non-jury trial, made a distribution of the marital property based upon a valuation of the property determined in a proceeding to set aside a separation agreement, and, in effect, denied his motion to suspend, modify, or eliminate his obligation for temporary maintenance from March 5, 1990, until the entry of judgment.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The defendant's application to introduce at trial appraisal evidence concerning the value of the parties' marital real property was denied on the basis that the valuation issue had been previously heard and determined at a prior hearing before a Judicial Hearing Officer. The defendant contends that the trial court erroneously precluded him from introducing this evidence at trial. We disagree.

At the prior proceeding before a Judicial Hearing Officer, both parties were afforded an opportunity to present evidence as to the value of the real property in issue. The defendant chose not to take advantage of that opportunity. He did not present any evidence of his own, nor did he dispute the evidence presented by the plaintiff. While he did file a notice of appeal from the order of the Judicial Hearing Officer, he failed to perfect the appeal, which was dismissed by decision and order of this Court dated July 12, 1993, thereby foregoing another opportunity to contest those findings. As he was afforded a full and fair opportunity at the hearing to present his evidence on the issue of valuation, he was properly precluded from offering evidence at trial on an issue that previously had been adjudicated (see, Haibi v Haibi, 171 AD2d 842; Baron v Baron, 128 AD2d 821).

· The appellant's remaining contentions are without merit. Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.