■ AIG TRADING CORPORATION, Respondent-Appellant, v VALERO GAS MARKETING, L.P., Appellant-Respondent, and VALERO ENERGY CORPORATION, Respondent. [679 NYS2d 587] —Order, Supreme Court, New York County (Beatrice Shain-

swit, J.), entered February 20, 1998, which, *inter alia,* upon a search of the record, granted plaintiff partial summary judgment as to liability on its first cause of action for breach of contract against defendant Valero Gas Marketing, L.P. and directed an assessment of damages, and granted the motion of defendant-respondent Valero Energy Corporation for summary judgment dismissing the third cause of action against it, unanimously affirmed, with costs.

With reference to the first cause of action, we begin with a prior order from which there was no appeal. There, the motion court ruled that the confirmatory memorandum was a qualified financial contract within the meaning of General Obligations Law § 5-701, as incorporated by reference in New York UCC 2-201 (4), and was valid because defendant-appellant did not object within three business days (*see,* General Obligations Law § 5-701 [b] [3] [b]). The motion court did not err when, in the order now before us, it gave law of the case effect to its prior order (*see, e.g., Avid Equities v Commerce & Indus. Ins. Co.,* 225 AD2d 446), or by holding that defendant-appellant was estopped from contending that New York law did not apply after having relied on it in this litigation (*see, Public Adm'r of County of N. Y. v Frota Oceanica Brasileira,* 222 AD2d 332, 333, *lv dismissed* 88 NY2d 920). Were we to consider the choice of law issue de novo, we would find New York law controlling, since New York has a strong interest (*see, e.g., First City Acceptance Corp. v Gulf Ins. Co.,* 245 AD2d 649) in enforcing this concededly unique provision of its own commercial law, and since defendant-appellant has not shown that any other forum has a stronger interest (*see, Marine Midland Bank v United Mo. Bank,* 223 AD2d 119, 123-124, *lv dismissed* 88 NY2d 1017). Otherwise, defendant-appellant has not presented evidence in admissible form to raise a triable issue of fact as to the existence or terms of the subject contract.

As to the third cause of action, summary judgment was properly granted in favor of defendant-respondent, since, as the subject guarantee unambiguously indicates, defendant-respondent guaranteed defendant-appellant's debt only when such debt was incurred by defendant-appellant as "Purchaser". Plaintiff's alternative construction of the term would, in the context of the guaranty as a whole, render the term meaningless (*see, e.g., Brown v Keating,* 182 AD2d 552). Concur—Sullivan, J. P., Wallach, Williams and Saxe, JJ.