OPINION OF THE COURT
Joan S. Kohout, J.
The respondent Ronald K. has filed a motion requesting that *609 an order of support made on October 25, 1996 (D. Irizarry, Family Court Hearing Examiner), and an order of filiation made by J. Robert Houston, Judicial Hearing Officer, on October 11, 1996, adjudicating the respondent the father of Tyler John O., born on June 23, 1996, be vacated. Responsive papers in opposition to the motion have been submitted by Ms. O., the child’s mother. After a review of the papers submitted, an examination of the court file and after hearing the arguments of counsel, the court grants the respondent’s motion for the reasons discussed below.
Procedural History
On April 23, 1996 Myndi O. filed a paternity petition requesting that Ronald K. be declared the father of the child she was expecting, as well as an order of child support. Mr. K. did not appear on the initial return date of May 8, 1996. The Hearing Examiner adjourned the case until June 11, 1996, at which time Mr. K. appeared and denied paternity. The matter was adjourned until after the expected birth date of the child for further proceedings to occur on July 31, 1996. The court’s record of proceedings indicates that Mr. K. did not appear on that date and contains the following notation: “Refer to JHO”. The next court record notation indicates an appearance scheduled before Judicial Hearing Officer Houston for October 11, 1996. No order of reference is contained in the file. (CPLR 4311, 4317 [a]; 22 NYCRR 122.6 [c].)
Court records show that Mr. K. did not appear on October 11, 1996, at which time Judicial Hearing Officer Houston took testimony from the petitioner, granted her petition, entered an order of filiation adjudicating the respondent as Tyler’s father and referred the case back to the Hearing Examiner on October 26, 1996 for a determination of child support. On October 26, 1996 Mr. K. again did not appear and the Hearing Examiner entered an order of support requiring him to pay $125 per week in current support by income execution and requiring him to provide health insurance for Tyler through his employer. No order of filiation was ever signed[1] and the order of support was not entered until January 20, 1998.
*610 Present Motion
Pursuant to CPLR 317 and/or 5015 (a) (1) the respondent requests that the orders of filiation and support be vacated. CPLR 317 permits a person, who did not personally receive process and does not appear in a case, to apply to the court for permission to defend the action. CPLR 5015 (a) (1) provides a procedure to excuse the default of a party. This is not a true default case, however, since Mr. K. appeared in Family Court and entered a denial to the paternity petition.[2]
After a review of the papers filed by the parties and the court file, there appears to be a genuine issue as to whether the Judicial Hearing Officer exceeded his authority when he issued the order of filiation in this case. Therefore, the court in the furtherance of justice and as a matter of discretion will consider this motion to be a request that the paternity and support orders be vacated based on a lack of jurisdiction of the Judicial Hearing Officer to make the order of filiation. (See, CPLR 5015 [a] [4].)
Decision
The question presented in this case is whether the Judicial Hearing Officer had authority to hear and determine the issue of paternity in the absence of the respondent and without a stipulation signed by both parties.
In order to determine that issue, the nature of the proceedings, as well as the procedure outlined by statute for the use of Judicial Hearing Officers,[3] must be examined.
The respondent in a paternity proceeding is afforded substantial legal protection to assure that the important parental rights and duties that result from an adjudication of paternity are accurately determined. The respondent has the right to counsel (Family Ct Act § 262), the right to a genetic marker or DNA test (Family Ct Act § 532 [a]), the right to a “trial by the court” (Family Ct Act § 532 [a]), and the right to *611 decline to testify (Family Ct Act § 531). Additionally, the petition must be proved by “ ‘clear and convincing’ ” proof. (Matter of Commissioner of Social Servs. [Patricia A.] v Phillip DeG., 59 NY2d 137, 141-142 [1983].)
A determination of paternity creates a legal relationship between child and parent that not only is constitutional in nature (Santosky v Kramer, 455 US 745 [1982]; Matter of Leon RR, 48 NY2d 117, 124 [1979]), but also establishes a legal responsibility to support and care for the child.[4] Consequently, it is a proceeding of profound importance that should be addressed with great care.
Family Court is a court of limited jurisdiction and possesses only the authority that the State Constitution and statutes specifically grant it. (NY Const, art VI, § 13; Matter of Borkowski v Borkowski, 38 AD2d 752 [2d Dept 1972].) Since the Family Court Act does not contain any provisions concerning the use of Judicial Hearing Officers, the CPLR governs to the extent that the statute is appropriate for Family Court proceedings. (Family Ct Act § 165 [a].)
In civil cases, a Judicial Hearing Officer has the same powers as a Referee. (CPLR 4301.) With the consent of the parties, a Judicial Hearing Officer may “hear and determine” any issue referred. (CPLR 4317 [a].) In certain limited circumstances, not applicable here, a compulsory referral to hear and determine may be made. (CPLR 4317 [b].) In all other cases the parties must agree before a reference is made to have the Hearing Officer make the final decision under a hear and determine order. (McCormack v McCormack, 174 AD2d 612, 613 [2d Dept 1991]; Haibi v Haibi, 171 AD2d 842 [2d Dept 1991].)
A reference to hear and report, which requires that a Judge make the final decision and sign an order after the receipt of a report from the Hearing Officer or Referee, may be made with or without consent of the parties, if there are “exceptional conditions.” (CPLR 4312; Schanback v Schanback, 130 AD2d 332, 344 [2d Dept 1987], supra.)
This case was referred to a Judicial Hearing Officer by a Child Support Hearing Examiner, which was improper. The Family Court Act does not grant authority for a Hearing Examiner to make a reference to a Judicial Hearing Officer. *612 (See, Family Ct Act § 439.) An order of reference to hear and determine must be made by the clerk upon the filing of the stipulation of the parties. (CPLR 4317 [a].) The Administrative Judge then assigns the case to a Judicial Hearing Officer taking into account the nature of the case and the expertise of the Hearing Officer (22 NYCRR 122.6 [a]). The reference must be in writing and must state whether the Judicial Hearing Officer is to hear and determine or hear and report. (22 NYCRR 122.6 [c].) As previously noted, no order of reference is contained in the court file.
Even assuming that the reference to the Judicial Hearing Officer was properly made, he was without authority to hear and determine the case because Mr. K. had appeared in the action and had not executed a stipulation consenting to have the Hearing Officer make the final decision. (CPLR 4317 [a]; McCormack v McCormack, supra; Haibi v Haibi, supra.)
Finally, it was error for the Hearing Officer to proceed to trial without Mr. K. in light of the fact that he had not been advised that the date was for trial and that the case would proceed without him. Mr. K. never waived his right to be present for trial.
For all of these reasons, the order of filiation and the support order must be vacated.

. Former Judicial Officer J. Robert Houston died after the hearing occurred, which may explain why an order was never signed. However, there is no indication in the court file that any paternity order was over submitted by Ms. O.

. It is also noteworthy that Mr. K. was not advised of the possibility that the case would proceed in his absence. While the court file contains a form notice addressed to the respondent, no such warning is contained on the notice. Moreover, the notice does not state that the case was scheduled for trial. Instead, it states that the case is “scheduled for fur proceedings [sic] on October 11, 1996 at 9:00a [sic] before Judicial Hearing Officer J. Robert Houston.” There is no affidavit of service or notation in the file showing that this notice was mailed.

. A concise history of the use of Judicial Hearing Officers in New York State is contained in Schanback v Schanback (130 AD2d 332 [2d Dept 1987]).

. For example, Family Court Act § 413 establishes a parent’s legal responsibility to support his child. Family Court Act article 10 permits the filing of a neglect or child abuse case against a parent for inadequate care or injury to a child. The relationship of parent and child comes into play in numerous legal contexts, including inheritance.