■ ML Media Partners, L.P., Respondent, v Century Communications Corp. et al., Appellants. [720 NYS2d 778] —Order

and judgment (one paper), Supreme Court, New York County (Ira Gammerman, J.), entered July 12, 2000, which granted plaintiff's motion for partial summary judgment on its fourth and fifth causes of action, declaring that neither defendant co-venturer nor any of its affiliates may bid on or attempt to purchase the assets and business of the parties' joint venture and granting plaintiff specific performance of section 12 of the parties' joint venture agreement to the extent of directing defendant co-venturer to proceed diligently with plaintiff in locating one or more third parties to complete the sale, prohibiting defendants from interfering with the sale, and which dismissed the fourth counterclaim and denied defendants' motion for summary judgment dismissing the complaint except as to an accounting, and order, same court and Justice, entered July 26, 2000, which clarified the July 12, 2000 order and judgment to the extent of holding that pursuant to the parties' joint venture agreement plaintiff was entitled to insist upon a sale of the joint venture's interest rather than a sale of its assets, unanimously affirmed, with one bill of costs.

The motion court properly barred assertion of an option that defendant co-venturer does not have under the concededly unambiguous terms of the subject agreement. Since said agreement is unambiguous, extrinsic evidence should not be considered (see, Rosalie Estates v Colonia Ins. Co., 227 AD2d 335, 336). Defendants' construction of the agreement would potentially deny force or effect to a key provision thereof (see, Gemma Constr. Co. v City of New York, 246 AD2d 451, 454), or render such provision meaningless in the context of the agreement as a whole (see, AIG Trading Corp. v Valero Gas Mktg., 254 AD2d 117, 118). We also find that, under the unique circumstances of this case, the second order was both procedurally and substantively proper. We have considered defendants' remaining arguments and find them unavailing. Concur—Williams, J. P., Andrias, Lerner, Saxe and Buckley, JJ.