OPINION OF THE COURT
Francis A. Affronti, J.
Pursuant to section 210.30 of the Criminal Procedure Law, motions have been made to inspect the Grand Jury minutes and to dismiss or reduce the indictment, in the above-entitled case, upon the grounds that the evidence before the Grand Jury was not legally sufficient to establish the commission of the offenses charged in the indictment, and that the Grand *130 Jury proceedings were defective. This Court has granted the motion to inspect the Grand Jury minutes. Court review of Grand Jury proceedings is confined to the legal sufficiency of the evidence, and not to weigh the proof or examine its adequacy. (See People v Jensen, 86 NY2d 248; People v Galatro, 84 NY2d 160.) Further, in New York, indictments must be founded upon competent evidence which excludes the use of hearsay as the only evidence to substantiate a critical element of an offense. (See People v Swamp, 84 NY2d 725, 726; People v Oakley, 28 NY2d 309.)
Upon the Court’s thorough review of said Grand Jury minutes as well as the motion papers submitted by the prosecution and the defendant, it is hereby determined that the first count of the indictment, accusing defendant Kelly L. Hudson of criminal contempt in the first degree, in violation of section 215.51 (b) (v) of the Penal Law, must be dismissed.
The first count is based upon defendant’s alleged violation of a Monroe County Family Court temporary order of protection issued by Judicial Hearing Officer Maurice E. Strobridge on August 24, 2000. That ex parte order resulted from a family offense proceeding under article 8 of the Family Court Act, commenced against defendant and filed on the same date. (See Family Ct Act § 828.)
The consent of the parties to an action or proceeding is a jurisdictional prerequisite to the use of a Judicial Hearing Officer to hear and determine. (See Batista v Delbaum, Inc., 234 AD2d 45; Matter of Myndi O. v Ronald K., 180 Misc 2d 608 [Fam Ct, Monroe County, Kohout, J.]; CPLR 4301, 4317.)
While defendant stipulated on August 31, 2000 to the proceeding being referred to a Judicial Hearing Officer to hear and determine, he had not consented prior to the issuance of the temporary order of protection and his arrest later that same day for violating said order. Therefore, the temporary order of protection issued by the Judicial Hearing Officer cannot serve as a predicate for the charge of criminal contempt in the first degree. Accordingly, the first count of the indictment must be dismissed pursuant to CPL 210.20 (1) (h) because there is a jurisdictional or legal impediment to the conviction of defendant on that count.
Defendant’s motion to dismiss all other counts of the indictment upon the ground that the factual allegations in each count are legally insufficient is denied. “[A]n indictment that states no more than the bare elements of the crime charged and, in effect, parrots the Penal Law is legally sufficient.” (People v Price, 234 AD2d 978.)
*131 The review further establishes that the defendant’s remaining arguments are without merit and the Grand Jury proceedings were not otherwise defective.
Accordingly, upon the above, it is hereby ordered that the first count of the indictment is hereby dismissed for the reasons stated aforesaid; and it is further ordered that the evidence submitted to the Grand Jury was legally sufficient to establish that the defendant committed all other offenses charged; and it is further ordered that, except as set out herein, the defendant’s motion to dismiss or reduce the indictment is denied.