■ ABRAHAM C. GROSSMAN, Respondent, v TEAM CARE HOME CARE AGENCY, INC., et al., Appellants. [789 NYS2d 303]—

In an action, inter alia, to recover damages for breach of a joint venture agreement, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Pfau, J.), dated April 23, 2003, as granted those branches of the plaintiff's motion which were to compel the defendants to disclose the location of certain proceeds received from a nonparty, Allen Health Care, during the pendency of the action, and to dismiss their affirmative defense of failure to join a necessary party.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly concluded that the disclosure sought by the plaintiffs, the location of the proceeds of the sale of the assets of the corporation at issue in this proceeding, had been granted by a prior order from which no appeal had been taken. Since the prior determination was the law of the case (*see Andrea v E.I. du Pont de Nemours & Co.,* 289 AD2d 1039, 1041 [2001]; *Kimmel v State of New York,* 261 AD2d 843, 844 [1999]; *Ennist v Shepherd,* 117 AD2d 580, 580 [1986]), the Supreme Court properly granted that branch of the plaintiff's motion which was to compel such disclosure. The Supreme Court also properly granted that branch of the plaintiff's motion which was to dismiss the defendants' affirmative defense of failure to join a necessary party (*see* CPLR 1001 [a]; *Agrawal v Razgaitis,* 149 AD2d 390 [1989]). S. Miller, J.P., Krausman, Spolzino and Lifson, JJ., concur.