■ 730 J & J, LLC, Respondent, v POLIZZOTTO & POLIZZOTTO, ESQS., Appellant. [893 NYS2d 174]—

The plaintiff, 730 J & J, LLC, retained the defendant law firm in 1998 to represent it in connection with a foreclosure action. Specifically, the defendant was retained, inter alia, to confirm a referee's report of sale on behalf of the plaintiff and to file a motion for leave to enter a deficiency judgment against the mortgagor.

On March 2, 2006, the plaintiff commenced this action to recover damages for legal malpractice based on the defendant's failure to secure a deficiency judgment, the consequence of

which was the dismissal of the plaintiff's negligence action against the plaintiff's insurance broker.

The defendant argues that the action is time-barred because the cause of action to recover damages for legal malpractice accrued on July 21, 1998, when it failed to obtain a deficiency judgment within 90 days from the delivery of the deed, and the complaint was filed on March 2, 2006, after the three-year statute of limitations expired on July 21, 2001.

The plaintiff contends that the defendant's representation continued in the subject matter of the alleged malpractice until April 14, 2004, when the law firm of Weg & Myers replaced the defendant as counsel.

Summary judgment based on the defense of the statute of limitations requires that a defendant make a prima facie showing that an action to recover damages for legal malpractice was filed more than three years after the cause of action accrued (*see* CPLR 214 [6]; *Rachlin v LaRossa, Mitchell & Ross,* 8 AD3d 461 [2004]), when "all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court" (*McCoy v Feinman,* 99 NY2d 295, 301 [2002] [internal quotation marks omitted]). An action to recover damages for legal malpractice is deemed to accrue on the date the malpractice was committed, not when it was discovered (*see Shumsky v Eisenstein,* 96 NY2d 164, 166 [2001]).

Under the doctrine of "continuous representation," the three-year statute of limitations for legal malpractice is tolled while the attorney continues to represent the client in the same matter in which the malpractice allegedly occurred, after the alleged malpractice is committed (*Shumsky v Eisenstein,* 96 NY2d at 168). The parties must have a "mutual understanding" that further representation is needed with respect to the matter underlying the malpractice claim (*McCoy v Feinman,* 99 NY2d at 306).

Here, the defendant failed to establish its prima facie entitlement to summary judgment dismissing the legal malpractice cause of action by demonstrating that the statute of limitations expired (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint as time-barred without prejudice to renewal after completion of discovery.

The defendant's remaining contention is without merit. Rivera, J.P., Santucci, Chambers and Hall, JJ., concur.