In an action to recover damages for legal malpractice, breach of fiduciary duty, and breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Parga, J.), entered May 14, 2012, which granted the defendants’ motion to dismiss the complaint, inter alia, pursuant to CPLR 3211 (a) (7).
*910 Ordered that the order is affirmed, with costs.
In this action, the plaintiffs, as holders of a second mortgage on the subject property, alleged that the defendants were negligent in failing to notify them of a scheduled foreclosure sale in an action commenced by the first mortgagee, and that, if they had been notified, they would have appeared in the sale, purchased the property, and resold the property in an amount which would have enabled them to recoup some or all of the amount of their second mortgage, which was extinguished as a result of the sale which took place without them. The property was purchased by the first mortgagee, and resold six months later for an amount which was less than the amount owed on the first mortgage at the time of the foreclosure sale.
In determining a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must “accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). The elements of a cause of action sounding in legal malpractice are that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney’s breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]). The plaintiff must plead actual ascertainable damages resulting from the attorney’s negligence (see Dempster v Liotti, 86 AD3d 169, 177 [2011]).
Here, the Supreme Court properly determined that the complaint failed to state a cause of action to recover damages for legal malpractice. The plaintiffs’ allegations regarding the consequences and damages flowing from the defendant’s alleged failure to notify them of the scheduled foreclosure sale were too speculative to permit a trier of fact to find that such failure caused actual and ascertainable damages (see Hashmi v Messiha, 65 AD3d 1193 [2009]; Wald v Berwitz, 62 AD3d 786 [2009]).
The causes of action sounding in breach of fiduciary duty and breach of contract also were properly dismissed, as they were based on the same facts underlying the legal malpractice cause of action and did not allege distinct damages (see Town of N. Hempstead v Winston & Strawn, LLP, 28 AD3d 746 [2006]).
The plaintiffs’ remaining contentions are without merit. Mastro, J.E, Lott, Austin and Hinds-Radix, JJ., concur.