■ CERTAIN UNDERWRITERS AT LLOYD'S LONDON, Subscribing to Policy No. APH 0100472, as Subrogee of Tal and Aharon Philipson, Respondent, v NORTH SHORE SIGNATURE HOMES, INC., et al., Appellants. (Action No. 1.) STATE FARM INSURANCE COMPANY, as Subrogee of Marilyn M. Salierno, Plaintiff, v NORTH SHORE SIGNATURE HOMES, INC., et al., Defendants. (And a Third-Party Action.) (Action No. 2.) [1 NYS3d 841]—

In related subrogation actions to recover benefits paid to the plaintiffs' insureds, the defendant Richard Wischhusen appeals, and the defendant North Shore Signature Homes, Inc., separately appeals, from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), entered October 16, 2012,

as granted that branch of the motion of the plaintiff in action No. 1 which was pursuant to CPLR 3103 (a) for a protective order preventing the disclosure of its insurance coverage file referable to the underlying property damage claim, and denied those branches of those defendants' respective cross motions which were pursuant to CPLR 3124 to compel the disclosure of that file.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Contrary to the contention of the defendants Richard Wischhusen and North Shore Signature Homes, Inc. (hereinafter North Shore), the Supreme Court properly granted that branch of the motion of the plaintiff insurer in action No. 1 which was for a protective order preventing the disclosure of its insurance coverage file referable to the underlying property damage claim, and properly denied those branches of their respective cross motions which were to compel disclosure of that file. In reaching its conclusions, the Supreme Court properly applied the law of the case doctrine, since, in an order dated May 24, 2011, from which Wischhusen and North Shore did not appeal, the court had already determined that the disputed file was not discoverable (*see Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]; *Erickson v Cross Ready Mix, Inc.*, 98 AD3d 717 [2012]). Although the law of the case doctrine does not bind an appellate court to a determination of a nisi prius court (*see Latture v Smith*, 304 AD2d 534, 535 [2003]), we decline to exercise our discretion to consider the contentions of Wischhusen and North Shore on the merits (*see Grossman v Team Care Home Care Agency, Inc.*, 14 AD3d 652 [2005]; *Avid Equities v Commerce & Indus. Ins. Co.*, 225 AD2d 446 [1996]; *Haibi v Haibi*, 171 AD2d 842, 843 [1991]; *Baron v Baron*, 128 AD2d 821, 822 [1987]). Dillon, J.P., Leventhal, Chambers and Duffy, JJ., concur.