■ JOHN DELOLLIS et al., Appellants, v ROBERT M. ARCHER et al., Respondents. [9 NYS3d 342]—

In an action to recover damages for legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated April 12, 2013, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs, who are the trustees of several local and regional benefit funds affiliated with carpenters' unions, commenced this action to recover damages for legal malpractice against the defendants Robert M. Archer and Archer, Byington, Glennon & Levine, LLP, alleging that the negligent perform-

ance of their professional duties resulted in losses relating to the Ponzi scheme orchestrated by Bernard L. Madoff and Bernard L. Madoff Investment Securities.

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Schiller v Bender, Burrows & Rosenthal, LLP*, 116 AD3d 756, 757 [2014] [internal quotation marks omitted]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438 [2007]). In addition, to establish causation, a plaintiff must show that he or she would not have suffered any damages but for the attorney's negligence (*see Schiller v Bender, Burrows & Rosenthal, LLP*, 116 AD3d at 757).

Here, accepting as true the facts alleged in the complaint and according the plaintiffs the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the complaint, on its face, failed to allege facts from which it could be reasonably inferred that the plaintiffs would not have suffered any damages but for the defendants' negligence (*see Sierra Holdings, LLC v Phillips, Weiner, Quinn, Artura & Cox*, 112 AD3d 909, 910 [2013]; *Citidress II Corp. v Tokayer*, 105 AD3d 798, 798-799 [2013]; *Wald v Berwitz*, 62 AD3d 786 [2009]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint. Skelos, J.P., Leventhal, Cohen and Duffy, JJ., concur.