In the Matter of BARTELS & FEUREISEN, LLP, Respondent, v GEICO INSURANCE AGENCY, INC., et al., Respondents. SUSANNE ABERBACH-MAROLDA, Nonparty Appellant. [15 NYS3d 410]—

In a proceeding pursuant to CPLR 5225 (b) and CPLR 5227 to compel the respondents, Geico Insurance Agency, Inc., and Maureen Webb, to turnover the settlement proceeds of an action commenced on behalf of Maureen Webb, nonparty Susanne Aberbach-Marolda appeals from a judgment of the Supreme Court, Westchester County (Smith, J.), entered July 8, 2014, which granted the petition and directed Geico Insurance Agency, Inc., to turnover the entirety of the settlement proceeds to the petitioner without any disbursement to her.

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing Geico Insurance Agency, Inc., to turnover the entirety of the settlement proceeds to the petitioner, and substituting therefor a provision directing Geico Insurance Agency, Inc., to disburse the sum of $17,533.24 to the petitioner and to disburse the sum of $7,466.76 to nonparty Susanne Aberbach-Marolda; as so modified, the judgment is affirmed, with costs.

Between 2006 and 2010, the petitioner, Bartels & Feureisen, LLP, a law firm, represented the respondent Maureen Webb in three separate legal matters: a matrimonial action, a foreclosure action, and a personal injury action. Nonparty Susanne

Aberbach-Marolda, who was of counsel to the petitioner, had been the attorney assigned by the petitioner to handle the three matters. However, on August 4, 2009, Webb discharged the petitioner and retained Aberbach-Marolda in her individual capacity to represent her in the personal injury action. The petitioner asserted a retaining lien on the personal injury file.

On or about June 25, 2012, the personal injury action was settled on behalf of Webb for the sum of $25,000. In December 2012, the petitioner obtained a default judgment against Webb in the sum of $34,873.82, representing outstanding legal fees for the matrimonial and foreclosure actions (hereinafter the December 2012 judgment). The petitioner subsequently issued a restraining notice dated December 18, 2012, to the respondent Geico Insurance Agency, Inc. (hereinafter Geico), which was holding the $25,000 settlement proceeds from the personal injury action.

In an order dated February 19, 2013, the Supreme Court (Smith, J.), inter alia, granted Webb's motion pursuant to CPLR 5015 to vacate the December 2012 judgment and granted the petitioner's cross motion for the quantum meruit value of the legal services provided in the personal injury action to the extent of directing a hearing on that issue. In an order dated May 30, 2013, the Supreme Court (Giacomo, J.), after the hearing, and upon the parties' stipulation that the quantum meruit value of the services provided by the petitioner in the personal injury action was $1,300, directed $1,300 of the $25,000 in settlement proceeds held by Geico to be disbursed to the petitioner (hereinafter the May 2013 order).

The petitioner subsequently obtained a judgment against Webb, entered January 9, 2014, in the total sum of $43,012.69, representing the unpaid legal fees for the matrimonial and foreclosure actions, plus interest, costs, and disbursements (hereinafter the January 2014 judgment). The petitioner then served another restraining notice upon Geico, dated January 13, 2014.

In May 2014, the petitioner commenced this proceeding against Webb and Geico, seeking the turnover of the $25,000 held by Geico as partial payment of its January 2014 judgment against Webb. In the order appealed from, the Supreme Court granted the petition and directed Geico to turnover all of the settlement proceeds to the petitioner. Aberbach-Marolda appeals. We modify.

The retainer statement filed by Aberbach-Marolda with the Office of Court Administration relating to the personal injury action provides that her compensation for the personal injury

action would be one-third "of net recovery plus disbursements." The net recovery in the personal injury action, $24,349.86, is calculated by subtracting disbursements in the sum of $650.14 attendant to prosecuting the action (see 22 NYCRR 691.20) from the $25,000 settlement proceeds. Therefore, when the personal injury action was settled, a legal fee, equal to one-third of the net recovery, which by our calculations is $8,116.62, plus disbursements in the sum of $650.14, became due and owing. This portion of the settlement proceeds attributable to legal fees and disbursements, which totals $8,766.76, was not Webb's property and, thus, was not subject to restraint. Accordingly, only the sum of $16,233.24, which was Webb's portion of the settlement proceeds, was available to satisfy the January 2014 judgment.

Furthermore, in the May 2013 order, the Supreme Court directed $1,300 of the $25,000 settlement proceeds to be disbursed to the petitioner as the quantum meruit value of the legal services provided by the petitioner in the personal injury action. Thus, the Supreme Court implicitly determined that the balance of the one-third contingency fee earned in the personal injury action was due and owing to Aberbach-Marolda. Therefore, of the $8,766.76 available for the payment of legal fees and disbursements, the petitioner was owed $1,300, and Aberbach-Marolda was owed the remainder of $7,466.76. The apportionment of the legal fees in the May 2013 order was the law of the case and was binding on the parties to that proceeding and Justices of coordinate jurisdiction (see Clark v Clark, 117 AD3d 668, 669 [2014]; Notrica v North Hills Holding Co., LLC, 105 AD3d 826, 827 [2013]).

Accordingly, the Supreme Court should have directed the sum of $17,533.24 to be disbursed to the petitioner and the sum of $7,466.76 to be disbursed to Aberbach-Marolda. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.