■ SHARON BROWN-JODOIN, Individually and as Executor-Elect of the Estate of SELVYN D. BROWN, Deceased, and as Trustee of the SELVYN D. BROWN REVOCABLE LIVING TRUST, Respondent, v ANTHONY JOSEPH PIRROTTI et al., Appellants. [29 NYS3d 426]—

In an action to recover damages for legal malpractice and breach of contract, the defendants appeal from an order of the Supreme Court, Westchester County (Giacomo, J.), entered October 15, 2013, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff retained the defendant Anthony Joseph Pirrotti and his former law firm Pirrotti and Pirrotti, LLP (hereinafter the LLP), after her father's death on May 12, 2003, to probate his last will and testament, and to perform any and all professional services required to finalize his estate. The plaintiff executed a retainer agreement on May 18, 2003, and paid a $7,500 retainer fee to the LLP with a personal check. The LLP disbanded some time in June 2003, and Pirrotti opened up the Law Offices of Anthony J. Pirrotti, P.C. (hereinafter the PC), which continued to represent the plaintiff.

Pirrotti asked another firm, Walsh and Amicucci, LLP, to assist him with the probate of the estate, with the plaintiff's consent. Thereafter, in August 2006, the plaintiff retained Matthew Nolfo, at Pirrotti's suggestion, to handle the probate proceeding and tax matters relating to the estate. On August 21, 2006, she executed a consent to change attorney form substituting Nolfo as her counsel in place of the PC. Subsequently, Nolfo copied Pirrotti on some of the communications he sent to the plaintiff and conducted one or two conference calls with the plaintiff and Pirrotti. Pirrotti continued to bill the plaintiff under the same billing number assigned to the probate matter, at the same rate, and referred to the plaintiff in the billing entries as "client." By letter dated April 6, 2008, the plaintiff advised Pirrotti that he was "fired" because he failed to complete the services he had agreed to perform, and that Nolfo would be handling the outstanding issues with respect to her father's estate.

The plaintiff commenced this action against Pirrotti, the LLP, and the PC to recover damages for legal malpractice and breach of contract by summons with notice, dated October 5, 2010, and filed October 7, 2010. The plaintiff then served a complaint, dated February 25, 2011, upon the defendants. The defendants made a pre-answer motion to dismiss the complaint pursuant to CPLR 3211 (a) based upon documentary evidence, as time-barred, and for failure to state a cause of action. In an order dated August 17, 2011, the Supreme Court denied the motion, finding, inter alia, that the defendants' own documents showed that Pirrotti and the PC continued to represent the plaintiff in connection with the estate after the substitution by Nolfo until April 6, 2008, less than three years prior to the commencement of this action, that the defendants' documents showed that the plaintiff, as an individual, executed the retainer agreement and paid a retainer to the defendants so that the documentary evidence did not demonstrate that the plaintiff lacked standing to bring this action, and that the breach of contract causes of action were not duplicative of the malpractice causes of action.

Thereafter, the defendants answered the complaint. Subsequent to the completion of discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. We affirm.

The defendants contend that the plaintiff lacked standing or the legal capacity to commence this action individually because she retained Pirrotti and his former firm, the LLP, solely to represent her father's estate and because she independently

decided to abandon the probate proceeding and was never issued letters testamentary.

"To have standing in a particular dispute, a plaintiff must demonstrate an injury in fact that falls within the relevant zone of interests sought to be protected by law" (*Bernfeld v Kurilenko*, 91 AD3d 893, 894 [2012] [internal quotation marks omitted]; *see Matter of Fritz v Huntington Hosp.*, 39 NY2d 339, 346 [1976]). Here, the defendants failed to establish, as a matter of law, that the plaintiff lacked standing or the legal capacity to commence this action. In support of their motion, the defendants submitted, inter alia, the complaint and a transcript of the plaintiff's deposition testimony. The complaint alleged, and the plaintiff testified, that she was actually harmed by, inter alia, the defendants' failure to timely and properly probate her father's will and their collection of fees that were unearned.

The defendants also contend that the plaintiff's legal malpractice cause of action is time-barred. The Supreme Court held that this claim was barred under the law of the case doctrine, based on its determination in a previous order, dated August 17, 2011, that the continuous representation doctrine tolled the statute of limitations period until April 6, 2008, the date that the plaintiff purportedly fired Pirrotti. Since the defendants did not appeal the August 17, 2011, order, the finding therein constituted the law of the case, and the Supreme Court properly applied the doctrine in reaching its decision on the subject motion (*see Matter of Bartels & Feureisen, LLP v Geico Ins. Agency, Inc.*, 131 AD3d 610, 612 [2015]; *Certain Underwriters at Lloyd's London v North Shore Signature Homes, Inc.*, 125 AD3d 799, 800 [2015]; *see also* Siegel, NY Prac § 276 [5th ed 2011]). However, because the law of the case doctrine does not bind an appellate court (*see Debcon Fin. Servs., Inc. v 83-17 Broadway Corp.*, 126 AD3d 752, 754 [2015]; *Hothan v Mercy Med. Ctr.*, 105 AD3d 905, 905-906 [2013]; *cf. Certain Underwriters at Lloyd's London v North Shore Signature Homes, Inc.*, 125 AD3d at 800), we will consider the defendants' claim on the merits (*see Powell v Kasper*, 84 AD3d 915, 916 [2011]). Upon consideration of the merits, we find that the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the legal malpractice cause of action as time-barred (*see Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP*, 129 AD3d 790, 792 [2015]; *730 J & J, LLC v Polizzotto & Polizzotto, Esqs.*, 69 AD3d 704 [2010]). Since the defendants failed to satisfy their prima facie burden, that branch of the motion which was for summary

judgment dismissing the legal malpractice cause of action is properly denied without regard to the sufficiency of the plaintiff's opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendants also failed to establish their prima facie entitlement to judgment as a matter of law dismissing the legal malpractice cause of action on the basis that their actions were not the proximate cause of the plaintiff's alleged damages. "In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007] [internal quotation marks omitted]; *see Ginsberg Dev. Cos., LLC v Carbone*, 134 AD3d 890, 893 [2015]). "[T]o establish causation, a plaintiff must show that he or she would not have suffered any damages but for the attorney's negligence" (*Delollis v Archer*, 128 AD3d 755, 756 [2015]; *see Buczek v Dell & Little, LLP*, 127 AD3d 1121, 1122 [2015]). Here, the pleadings and deposition testimony proffered by the defendants presented conflicting evidence as to whether they caused the plaintiff actual damages by, inter alia, negligently advising the plaintiff that filing federal and state estate taxes was unnecessary and failing to timely and properly probate the plaintiff's father's will. Since the defendants failed to meet their prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

The defendants' remaining contentions are not properly before this Court or without merit. Mastro, J.P., Dickerson, Austin and Maltese, JJ., concur.