Vladenn Medical Supply Corp., as Assignee of Balan Josnel, Appellant, 
against
United Services Automobile Association, Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
McDonnell, Adels & Klestzick, PLLC (Linda A. Mule, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered May 18, 2015. The order, insofar as appealed from as limited by the brief, granted defendant's motion to dismiss the complaint for plaintiff's failure to provide discovery pursuant to a prior order of the same court (Richard G. Latin, J.) dated March 25, 2014, or, in the alternative, to compel plaintiff to comply with the prior order, to the extent of directing plaintiff to comply, within 10 days, with the prior order and providing that "[f]ailure to comply will result in the striking of Plaintiff's pleadings and [a] sanction of counsel fees [to] defendant of $2,500."




ORDERED that the order, insofar as appealed from, is modified by reducing the amount of the conditional award of counsel fees to the sum of $1,000; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, the Civil Court (Richard G. Latin, J.), by order dated March 25, 2014, directed plaintiff to respond to certain of defendant's discovery demands within 60 days of the order. Insofar as is relevant to the issues raised on this appeal, the Civil Court (Terrence C. O'Connor, J.), by order entered May 18, 2015, granted defendant's subsequent motion to dismiss the complaint for plaintiff's failure to comply with the March 25, 2014 order, or, in the alternative, to compel plaintiff to comply with that order, to the extent of directing plaintiff to comply within 10 days, and providing that "[f]ailure to comply will result in the striking of Plaintiff's pleadings and [a] sanction of counsel fees [to] defendant of $2,500."
The Civil Court properly directed plaintiff to comply with the March 25, 2014 order requiring plaintiff to respond to defendant's discovery demands, as the prior determination that the documentation at issue is discoverable was law of the case (see Certain Underwriters at Lloyd's London v North Shore Signature Homes, Inc., 125 AD3d 799 [2015]; Grossman v Team [*2]Care Home Care Agency, Inc., 14 AD3d 652 [2005]).[FN1]
Defendant demonstrated that plaintiff had not complied with that order, appealed the order or moved for leave to reargue and/or renew its opposition to defendant's motion. When plaintiff finally submitted a response to the demands at issue, nearly a year after it had been ordered to do so, the response consisted solely of an objection, and plaintiff failed to provide any explanation for its delay or explain how an objection was appropriate under the circumstances. Thus, while this court is not bound, by the doctrine of law of the case, by the determination of the Civil Court in its March 25, 2014 order, we decline to consider plaintiff's arguments regarding the propriety of the discovery demands (see Certain Underwriters at Lloyd's London, 125 AD3d 799; Haibi v Haibi, 171 AD2d 842 [1991]).

The motion court's determination of whether to impose sanctions for conduct which frustrates the disclosure scheme of the CPLR, and the terms and conditions of any sanctions imposed, should not be disturbed on appeal absent an improvident exercise of discretion (see Savin v Brooklyn Mar. Park Dev. Corp., 61 AD3d 954 [2009]; Dynasty Med., P.C. v Mercury Cas. Ins. Co., 51 Misc 3d 131[A], 2016 NY Slip Op 50403[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Here, the court did not improvidently exercise its discretion in providing that the complaint would be dismissed or in directing plaintiff to pay defendant attorney's fees if plaintiff failed to comply with the prior order within 10 days (see Morgenstern v Jeffsam Corp., 78 AD3d 913 [2010]). However, under the circumstances presented, we find that the sum of $1,000 is an appropriate conditional award of attorney's fees.

Accordingly, the order, insofar as appealed from, is modified by reducing the amount of the conditional award of counsel fees to the sum of $1,000.

WESTON, J.P., SOLOMON and ELLIOT, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: August 11, 2017



Footnotes

Footnote 1:We note that so much of the March 25, 2014 order as directed plaintiff to provide discovery within 60 days is not subject to the doctrine of law of the case, as the time within which discovery must be provided is based on the court's discretion (see Clark v Great Atl. & Pac. Tea Co., Inc., 23 AD3d 510, 511 [2005]; Terra Chiropractic, P.C. v Hertz Claim Mgt. Corp., 29 Misc 3d 127[A], 2010 NY Slip Op 51722[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]).