Ladera Partners, LLC v Goldberg, Scudieri & Lindenberg, P.C. (2018 NY Slip Op 00104)





Ladera Partners, LLC v Goldberg, Scudieri & Lindenberg, P.C.


2018 NY Slip Op 00104


Decided on January 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2018

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


5398 150703/15

[*1]Ladera Partners, LLC, Plaintiff-Appellant,
v
Goldberg, Scudieri & Lindenberg, P.C., formerly known as Goldberg, et al., Defendants-Respondents.


Andrew Lavoott Bluestone, New York, for appellant.
Clausen Miller P.C., New York (Joseph Ferrini of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered August 10, 2016, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
On this motion to dismiss pursuant to CPLR 3211, the court correctly considered defendants' evidentiary material to determine whether plaintiff had a cause of action for legal malpractice, not whether the complaint stated one (see Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Biondi v Beekman Hill House Apt. Corp., 257 AD2d 76, 81 [1st Dept 1999], affd 94 NY2d 659 [2000]).
The conclusory allegation that, but for defendants' negligence, plaintiff would have successfully opposed the summary judgment motion in the foreclosure action and defended the action is insufficient to support the legal malpractice claim, because the evidentiary material reveals that plaintiff had no viable defense (see West 45th St. Venture LLC v Ladera Partners, LLC, 2012 NY Slip Op 31834[U], *7-8 [Sup Ct, NY County 2012], affd 106 AD3d 412 [1st Dept 2013], lv denied 22 NY3d 859 [2014]).
The court properly applied the doctrine of collateral estoppel to preclude plaintiff from alleging any injury relating to the manner in which the notice of the foreclosure sale was provided to it in the foreclosure action (see generally D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664 [1990]). Plaintiff contends that the doctrine of collateral estoppel does not apply, because defendants' negligence in preparing the affidavit in support of the motion to vacate the foreclosure sale is at issue here. However, the affidavit submitted in opposition to the instant motion to dismiss fails to cure any of the alleged deficiencies. In any event, the sufficiency of defendants' drafting is irrelevant, given the foreclosure court's finding that, even if there was a deficiency of notice, vacatur of the sale was inappropriate because no substantial right of plaintiff was prejudiced (see West 45th St. Venture LLC, 2012 NY Slip Op 31834[U], *7-8).
The legal malpractice cause of action is not properly supported by conclusory allegations and speculation that, but for defendants' negligence, plaintiff would have been able to redeem the mortgage and/or outbid the other participants at auction, where the property sold for more than the amount of the mortgage, and thereby protect its investment (see Brooks v Lewin, 21 AD3d 731, 734-735 [1st Dept 2005], lv denied 6 NY3d 713 [2006]; Sherwood Group v Dornbush, Mensch, Mandelstam & Silverman, 191 AD2d 292 [1st Dept 1993]; Sierra Holdings, LLC v Phillips, Weiner, Quinn, Artura & Cox, 112 AD3d 909 [2d Dept 2013]).
The breach of fiduciary duty claim alleges that defendants made excessive demands for attorneys' fees and billed excessively, and seeks a disgorgement of attorney's fees. Since this [*2]claim is premised on the same facts and seeks the same relief as the breach of contract claim, it is duplicative of that dismissed claim. Also, plaintiff provided no details in the complaint as to the nature of the billing improprieties.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2018
CLERK