Matter of Oneekah N. C. v David J. (2023 NY Slip Op 02781)

Matter of Oneekah N. C. v David J.

2023 NY Slip Op 02781

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-09674
 (Docket No. F-6750-21)

[*1]In the Matter of Oneekah N. C. (Anonymous), respondent, 
v
David J. (Anonymous), appellant.

David J., Cambria Heights, NY, appellant pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, the father appeals from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated November 10, 2022. The order denied the father's objections to an order of the same court (Tomasina C. Mastroianni, S.M.) dated October 4, 2022, which, after a hearing and upon an order of filiation of the same court dated April 21, 2022, granted that branch of the mother's petition which was for an award of child support.
ORDERED that the order dated November 10, 2022, is affirmed, without costs or disbursements.
The Family Court properly denied the father's objections to the Support Magistrate's order granting that branch of the mother's petition which was for an award of child support. In an order dated May 19, 2022, from which the father did not appeal, the court denied the father's objections to an order of filiation dated April 21, 2022, based upon lack of personal jurisdiction and the admissibility of DNA test results. Accordingly, the doctrine of law of the case precluded the father from relitigating those issues in the Family Court (see Certain Underwriters at Lloyd's London v North Shore Signature Homes, Inc., 125 AD3d 799, 800; Matter of Shondel J. v Mark D., 18 AD3d 551, 551, affd 7 NY3d 320). Although this Court is not bound by the law of the case doctrine to a prior determination of a nisi prius court (see Wells Fargo Bank, N.A. v Fleurant, 150 AD3d 790, 791; Certain Underwriters at Lloyd's London v North Shore Signature Homes, Inc., 125 AD3d at 800), we decline to exercise our discretion to consider the father's contentions on the merits (see Certain Underwriters at Lloyd's London v North Shore Signature Homes, Inc., 125 AD3d at 800; Post v Post, 141 AD2d 518, 519).
BARROS, J.P., MALTESE, WARHIT and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court