■ MICHAEL KHALIL, Respondent, v LAWRENCE GUARDINO, Defendant and Third-Party Plaintiff. COUNTY OF NASSAU et al., Third-Party Defendants-Appellants. (And Another Title.) [734 NYS2d 91] —In an action to recover damages for wrongful death, the third-party defendants, County of Nassau and Nassau County Police Department, appeal from an order of the Supreme Court, Nassau County (Joseph, J.), entered November 27, 2000, which granted the plaintiff leave to serve a supplemental summons and amended complaint upon them, joining them as defendants in the action.

Ordered that the order is affirmed, with costs.

"[W]here, within the statutory [limitations] period, a potential defendant is fully aware that a claim is being made against him [or her] with respect to the transaction or occur-

rence involved in the suit, and is, in fact, a participant in the litigation, permitting an amendment to relate back would not necessarily be at odds with the policies underlying the Statute of Limitations * * * In such cases, there is room for the exercise of a sound judicial discretion to determine whether, on the facts, there is any operative prejudice precluding a retroactive amendment" (*Duffy v Horton Mem. Hosp.*, 66 NY2d 473, 477).

It is not disputed that the County of Nassau and the Nassau County Police Department had timely notice of the plaintiff's specific claim by virtue of a related action and identical claim arising out of the same occurrence. Moreover, there is no discernable prejudice which would bar an amendment to the complaint to add them as direct defendants. Therefore, we decline to disturb the Supreme Court's exercise of judicial discretion granting the motion for leave to serve a supplemental summons and amended complaint upon them, despite the expiration of the Statute of Limitations (*see, Buran v Coupal*, 87 NY2d 173, 180 [linchpin of relation-back doctrine is notice to the defendant within the Statute of Limitations]). Santucci, J. P., McGinity, Luciano and Adams, JJ., concur.