■ CRYSTAL HOUSE MANOR, INC., et al., Appellants, v ANTHONY TOTURA et al., Respondents. [772 NYS2d 603]—

In an action, inter alia, for rescission of a contract, restitution, and to set aside an allegedly fraudulent conveyance of real property, the plaintiffs appeal from so much of an order of the Supreme Court, Dutchess County (Dolan, J.), dated January 14, 2003, as denied that branch of their motion which was for leave to amend their amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for leave to amend the amended complaint is granted, and the proposed amended complaint is deemed served.

Motions for leave to amend pleadings are to be liberally granted absent prejudice or surprise resulting from the delay (*see AYW Networks v Teleport Communications Group*, 309 AD2d 724 [2003]; *Tarantini v Russo Realty Corp.*, 273 AD2d 458 [2000]). The decision as to whether to grant such leave is generally left to the sound discretion of the trial court (*see Edenwald Contr. Co. v City of New York*, 60 NY2d 957 [1983]; *Haller v Lopane*, 305 AD2d 370, 371 [2003]). In exercising its discretion, the trial court should consider how long the amending party was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether any prejudice resulted from the delay (*see Haller v Lopane, supra*; *Caruso v Anpro, Ltd.*, 215 AD2d 713 [1995]).

Here, the plaintiffs moved for leave to amend their amended complaint within two weeks of learning of the facts upon which their proposed additional causes of action were based, and the defendants failed to demonstrate that any prejudice resulted from the delay. Furthermore, the proposed causes of action are not patently insufficient as a matter of law or totally devoid of merit (*see Schiavone v Victory Mem. Hosp.*, 300 AD2d 294, 296 [2002]). Accordingly, the Supreme Court should have granted the plaintiffs leave to amend their amended complaint. Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.