■ THOMAS VINCENTE et al., Respondents-Appellants, v ROY KAY, INC., Defendant and Third-Party and Second Third-Party Plaintiff-Appellant-Respondent. RJR MECHANICAL, INC., Third-Party Defendant-Appellant-Respondent, and LEEWEN CONTRACT-

ING CORP., Second Third-Party Defendant-Appellant-Respondent. [826 NYS2d 361]—

In an action to recover damages for personal injuries, etc., (1) the defendant and third-party and second third-party plaintiff appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated January 4, 2002, which denied its motion for summary judgment dismissing the plaintiffs' Labor Law § 240 (1) cause of action and granted the plaintiffs' cross motion for summary judgment on the Labor Law § 240 (1) cause of action, (2) the plaintiffs cross-appeal, as limited by their brief, from so much of an order of the same court dated November 23, 2004, as, upon renewal, vacated the order dated January 4, 2002, in effect, denied their cross motion for summary judgment on the Labor Law § 240 (1) cause of action, and granted the motion of the defendant and third-party and second third-party plaintiff for summary judgment dismissing the plaintiffs' Labor Law § 240 (1) cause of action, (3) the third-party defendant and the second third-party defendant separately appeal, as limited by their brief, from so much of the order dated November 23, 2004, as denied their motion for leave to reargue and/or renew the motion of the defendant third-party and second third-party plaintiff for summary judgment dismissing the plaintiffs' Labor Law § 240 (1) cause of action, denied their cross motion for

summary judgment dismissing the third-party and second third-party complaints, and denied their cross motion to strike the third-party and second third-party complaints pursuant to CPLR 3126 for discovery violations, (4) the defendant and third-party and second third-party plaintiff cross-appeals, as limited by its notice of appeal and brief, from so much of the order dated November 23, 2004, as denied as academic its motion for indemnification against the third-party defendant and the second third-party defendant, and denied its motion to strike the third-party answers of those defendants pursuant to CPLR 3126 for discovery violations, and (5) the third-party defendant and the second third-party defendant appeal, as limited by their brief, from so much of an order of the same court dated February 1, 2005, as granted the plaintiffs' motion for leave to amend the summons and complaint to add them as direct defendants.

Ordered that the appeal from the order dated January 4, 2002, is dismissed, without costs or disbursements, as that order was vacated by the order dated November 23, 2004, made upon renewal and in light of our determination on the appeal from so much of the order dated November 23, 2004, as vacated the order dated January 4, 2002; and it is further,

Ordered that the appeal by the third-party defendant and the second third-party defendant from so much of the order dated November 23, 2004, as denied that branch of their motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 23, 2004, is modified, on the law, by deleting the provision thereof denying the cross motion of the third-party defendant and the second third-party defendant for summary judgment dismissing the third-party and second third-party complaints, and substituting therefor a provision granting the cross motion for summary judgment dismissing the third-party and second third-party complaints; as so modified, the order dated November 23, 2004, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order dated February 1, 2005, is affirmed insofar as appealed from, without costs or disbursements.

On March 20, 2000, the plaintiff Thomas Vincente was injured while working for Monosis Construction (hereinafter Monosis) at the hospital located at the SUNY Science and Health Center in Brooklyn. The State University Construction Fund hired the second third-party defendant, Leewen Contracting Corp. (hereinafter Leewen), to upgrade the air conditioning at the hospital.

The work was performed primarily on the roof of the hospital in a mechanical room which was under construction. The contract for the work at the hospital was eventually assigned to the third-party defendant RJR Mechanical, Inc. (hereinafter RJR). RJR hired Monosis as a subcontractor on the project responsible for insulation.

As a result of injuries that Thomas Vincente suffered, he and his wife brought suit against the defendant, Roy Kay, Inc. (hereinafter Roy Kay), alleging various Labor Law violations. Roy Kay moved for summary judgment on the plaintiffs' Labor Law § 240 (1) cause of action, and the plaintiffs cross-moved for summary judgment on the same cause of action. In an order dated January 4, 2002, the Supreme Court granted the plaintiffs' cross motion and denied the motion of Roy Kay. Thereafter, Roy Kay impleaded both Leewen and RJR, seeking common-law indemnification from both.

It was subsequently discovered that Roy Kay was not working on the hospital project where the plaintiff was injured, but was acting as a general contractor on a similar project at a different building at the same complex. Roy Kay moved for, inter alia, renewal of the court's earlier determination. RJR and Leewen cross-moved, inter alia, for summary judgment dismissing the third-party and second third-party complaints.

A motion for leave to renew must be supported by new or additional facts not offered on the prior motion that would change the prior determination, and shall also contain reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221 [e]; *Jacobs v Sabo*, 17 AD3d 321 [2005]). Roy Kay offered a reasonable justification as to why it did not submit the evidence related to its status and the status of RJR and Leewen relative to the hospital project in its original motion and demonstrated that the new evidence would alter the Supreme Court's prior determination. Accordingly, the Supreme Court properly granted that branch of the motion of Roy Kay which was for leave to renew and upon renewal properly granted its motion for summary judgment dismissing the plaintiffs' Labor Law § 240 (1) cause of action.

However, the Supreme Court erred in not granting the cross motion of RJR and Leewen for summary judgment dismissing the third-party and second third-party complaints. Inasmuch as Roy Kay was not the general contractor on the air conditioning project in which the plaintiff's employer was involved, there is no theory under which it can be found vicariously liable or liable by operation of law for the plaintiff's injuries. In turn, absent vicarious or secondary liability to the plaintiff, Roy Kay

has no basis for indemnification from either RJR or Leewen (*see Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.*, 35 NY2d 1, 6 [1974]; *Mauro v McCrindle*, 70 AD2d 77, 83 [1979], *affd* 52 NY2d 719 [1973]). Accordingly, the cross motion should have been granted dismissing the third-party actions.

Following the dismissal of their Labor Law § 240 (1) claim, the plaintiffs moved for leave to amend the summons and complaint to add RJR and Leewen as direct defendants. In an order dated February 1, 2005, the Supreme Court granted the plaintiffs' motion. We decline to disturb the Supreme Court's exercise of judicial discretion granting the motion for leave to serve an amended summons and complaint upon them, despite the expiration of the statute of limitations (*see* CPLR 203 [f]; *Duffy v Horton Mem. Hosp.*, 66 NY2d 473, 478 [1985]; *see also* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:11). RJR and Leewen had timely notice of the plaintiffs' specific claims by virtue of being impleaded by Roy Kay involving claims arising out of the same occurrence. Moreover, there is no discernable prejudice which would bar an amendment to the complaint to add them as direct defendants (*see Duffy v Horton Mem. Hosp., supra* at 477; *Khalil v Guardino*, 288 AD2d 349 [2001]).

The parties' remaining contentions are without merit. Crane, J.P., Ritter, Rivera and Lunn, JJ., concur.