Matthew Tyz, Respondent, v Integrity Real Estate and Development, Inc., et al., Defendants and Third-Party Plaintiffs-Respondents. Integrity Construction and Consulting Services, Inc., Defendant and Third-Party Defendant and Fourth-Party Plaintiff-Appellant, et al., Fourth-Party Defendant. [842 NYS2d 475]—

In an action to recover damages for personal injuries, the defendant third-party defendant fourth-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated September 27, 2005, as denied that branch of its cross motion which was for summary judgment dismissing the third-party complaint and granted that branch of the plaintiff's cross motion which was for leave to amend the complaint to name it as a defendant.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly denied that branch of the appellant's cross motion which was for summary judgment dismissing the third-party complaint. A triable issue of fact exists as to whether the plaintiff was an employee of the appellant or an independent contractor (*see Greene v Osterhoudt*, 251 AD2d 786, 787-788 [1998]).

Further, the court properly granted that branch of the plaintiff's cross motion which was for leave to amend the complaint to name the appellant as a defendant. While the three-year statute of limitations to set forth a cause of action alleging negligence (*see* CPLR 214) expired prior to the plaintiff's cross motion, the plaintiff demonstrated the applicability of the relation-back doctrine (*see generally Buran v Coupal*, 87 NY2d 173 [1995]). Contrary to the appellant's contention, the plaintiff was not obligated to demonstrate that the appellant and the defendants third-party plaintiffs were united in interest since the record demonstrates that the appellant had actual notice of the plaintiff's potential claim and was already a third-party defendant in the action (*see Duffy v Horton Mem. Hosp.*, 66 NY2d 473, 477-478 [1985]). Mastro, J.P., Covello, McCarthy and Dickerson, JJ., concur.