Noe Rodriguez et al., Respondents, v Paramount Development Associates, LLC, et al., Defendants, and JMB Architecture, LLC, Appellant. (And Third-Party Actions.) [888 NYS2d 595]—

In an action to recover damages for personal injuries, etc., the defendant JMB Architecture, LLC, appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated June 25, 2008, which granted the plaintiffs' motion for leave to amend the complaint to name it as a defendant.

Ordered that the order is affirmed, with costs.

The plaintiff Noe Rodriguez (hereinafter the injured plaintiff) allegedly was injured while performing concrete work on the construction of a private residence owned by the defendants Joseph Direnzo and Angela Direnzo (hereinafter together the Direnzos). The accident occurred when the injured plaintiff was cutting rebar with a concrete saw, and a metal shard hit him in the eye. The defendant third-party defendant JMB Architecture, LLC (hereinafter JMB), served as the construction manager pursuant to a contract between it and the Direnzos.

The injured plaintiff and his wife, suing derivatively, commenced this action to recover damages for personal injuries against, among others, the Direnzos. Thereafter, the Direnzos commenced a third-party action against JMB. Subsequently, the plaintiffs moved for leave to amend the complaint to name JMB as a defendant. The Supreme Court granted the plaintiffs' motion, and we affirm.

Leave to amend a pleading should be freely granted where the proposed amendment is not palpably insufficient or patently devoid of merit and will not prejudice or surprise the opposing party (see CPLR 3025 [b]; *Vista Props., LLC v Rockland Ear, Nose & Throat Assoc., P.C.*, 60 AD3d 846, 847 [2009]; *Bennett v Long Is. Jewish Med. Ctr.*, 51 AD3d 959, 960-961 [2008]; *Pellegrini v Richmond County Ambulance Serv., Inc.*, 48 AD3d 436,

437 [2008]; *Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.,* 15 AD3d 523, 524 [2005]). JMB failed to demonstrate that it would be prejudiced by the plaintiffs' delay in moving for leave to amend the complaint (*see Cucuzza v Vaccaro,* 109 AD2d 101, 103-104 [1985], *affd* 67 NY2d 825 [1986]; *Leibel v Flynn Hill El. Co.,* 25 AD3d 768 [2006]; *McFarland v Michel,* 2 AD3d 1297, 1300 [2003]; *Crystal House Manor v Totura,* 5 AD3d 425, 426 [2004]), and the proposed amendment was neither palpably insufficient nor totally devoid of merit (*see* CPLR 3025 [b]; *Lucido v Mancuso,* 49 AD3d 220, 227 [2008]; *Sample v Levada,* 8 AD3d 465, 467-468 [2004]).

Furthermore, contrary to JMB's contention, the Supreme Court providently exercised its discretion in granting the motion for leave to amend the complaint, despite the expiration of the statute of limitations (*see* CPLR 203 [f]; *Tyz v Integrity Real Estate & Dev., Inc.,* 43 AD3d 1038 [2007]; *Vincente v Roy Kay, Inc.,* 35 AD3d 448, 452 [2006]). The plaintiffs demonstrated the applicability of the relation-back doctrine, since JMB had actual notice of their potential claim and was already a third-party defendant in the action (*see Cucuzza v Vaccaro,* 109 AD2d at 103-104; *Duffy v Horton Mem. Hosp.,* 66 NY2d 473, 477-478 [1985]; *Tyz v Integrity Real Estate & Dev., Inc.,* 43 AD3d at 1038; *Vincente v Roy Kay, Inc.,* 35 AD3d at 452).

JMB's remaining contentions are without merit. Skelos, J.P., Covello, Santucci and Balkin, JJ., concur.