■ MARGARET RICHARDS, Respondent, v GUIDO PASSARELLI et al., Respondents, and ARROW LINE STRIPING Co., Appellant. [910 NYS2d 495]—

In an action to recover damages for personal injuries, the defendant Arrow Line Striping Co. appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated September 12, 2008, which granted the plaintiff's motion for leave to amend the complaint to add it as a direct defendant, and thereupon denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the cross motion of the defendant Arrow Line Striping Co. which were for summary judgment dismissing the cross claims for common-law indemnification asserted against it by the defendants Guido Passarelli, Lucy Passarelli, and Passarelli Family Partnership, L.P., a New York Limited Partnership, and the defendant Pier 1 Imports, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, with one bill of costs to EIP Leasing Services, Inc., payable by Arrow Line Striping Co., and one bill of costs to Arrow Line Striping Co. payable by the defendants Guido Passarelli, Lucy Passarelli, and Passarelli Family Partnership, L.P., a New York Limited Partnership, and the defendant Pier 1 Imports.

The Supreme Court did not err in denying that branch of the cross motion of Arrow Line Striping Co. (hereinafter Arrow) which was for summary judgment dismissing the complaint insofar as asserted against it. Arrow failed to establish its prima facie entitlement to judgment as a matter of law, as it failed to show that it did not negligently create or exacerbate a dangerous condition in the course of painting arrows in a parking lot where the underlying accident allegedly occurred (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 142 [2002]; *Schwint v Bank St. Commons, LLC*, 74 AD3d 1312 [2010]; *Haracz v Cee Jay, Inc.*, 74 AD3d 1145 [2010]; *Mosca v OCE Holding, Inc.*, 71 AD3d 1103 [2010]), or that the plaintiff's injuries were not a foreseeable consequence of its alleged negligence (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *Bingham v Louco Realty, LLC*, 36 AD3d 845 [2007]).

Furthermore, the Supreme Court did not err in granting the plaintiff's motion to amend the complaint to add Arrow as a direct defendant. Arrow, which had been impleaded as a third-party defendant prior to the expiration of the limitations period applicable to the plaintiff's claim, was fully aware that a claim was being made against it with respect to the plaintiff's accident, and was a participant in the litigation (*see Duffy v Horton Mem. Hosp.*, 66 NY2d 473, 477 [1985]). The proposed amendment was not palpably insufficient or devoid of merit, and there was no prejudice to Arrow in allowing the plaintiff to amend the complaint to add it as a direct defendant (*see* CPLR 3025 [b]; *Emilio v Robison Oil Corp.*, 28 AD3d 417 [2006]).

In support of its cross motion, the only pleadings Arrow submitted were those it served and filed on its own behalf, those served and filed by the plaintiff, those served and filed by its co-defendants Guido Passarelli, Lucy Passarelli, and Passarelli Family Partnership, L.P., a New York Limited Partnership, and those served and filed by its codefendant Pier 1 Imports (*see* CPLR 3212 [b]). Since the liability of these codefendants, if any, would be based on their actual wrongdoing, and not on their vicarious liability for Arrow's conduct, Arrow established its entitlement to judgment as a matter of law dismissing the cross claims for common-law indemnification asserted against it by these codefendants, and these codefendants failed to raise a triable issue of fact in opposition (*see Corley v Country Squire Apts., Inc.*, 32 AD3d 978 [2006]; *Keshavarz v Murphy*, 242 AD2d 680 [1997]). Accordingly, the Supreme Court should have granted those branches of Arrow's cross motion which were for summary judgment dismissing the cross claims for common-law indemnification asserted against it by these codefendants. Mastro, J.P., Dickerson, Eng and Lott, JJ., concur. **[Prior Case History: 2008 NY Slip Op 32730(U).]**