■ Nancy Deputron, Respondent, v A & J Tours, Inc., Defendant/Third-Party Plaintiff. ABC Companies, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [939 NYS2d 713]—

In an action to recover damages for personal injuries, the third-party defendant ABC Companies appeals from an order of the Supreme Court, Queens County (McDonald, J.), dated December 7, 2010, which granted the plaintiff's motion pursuant to CPLR 3025 for leave to amend the complaint to add it as a defendant in the main action, and directed the plaintiff to serve an amended summons and complaint upon it.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured while disembarking from a bus, when she tripped and fell on a metal bar raised above the lowest step. The bus was distributed or manufactured by the third-party defendant ABC Companies (hereinafter ABC). About 10 months after the statute of limitations expired (*see* CPLR 214), the plaintiff moved for leave to amend her complaint to add ABC as a defendant in the main action, which she had commenced against the operator of the bus.

Since the applicable three-year statute of limitations (*see* CPLR 214) expired prior to the plaintiff's motion, the plaintiff was required to demonstrate the applicability of the relation-back doctrine permitting the amended complaint to relate back to the third-party complaint (*see* CPLR 203 [f]; *Buran v Coupal*, 87 NY2d 173, 178 [1995]; *Duffy v Horton Mem. Hosp.*, 66 NY2d 473, 477-478 [1985]). Here, the third-party complaint insofar as

asserted against ABC and the claim the plaintiff seeks to assert against ABC arose out of the same conduct, transaction, or occurrence. Furthermore, contrary to ABC's contention, the plaintiff was not required to demonstrate that ABC and the defendant were united in interest, since the record demonstrates that ABC had actual notice of the plaintiff's potential claim against it within the applicable limitations period and was a third-party defendant in the action (*see Duffy v Horton Mem. Hosp.*, 66 NY2d at 477; *Rodriguez v Paramount Dev. Assoc., LLC*, 67 AD3d 767, 768 [2009]; *Tyz v Integrity Real Estate & Dev., Inc.*, 43 AD3d 1038 [2007]; *Vincente v Roy Kay, Inc.*, 35 AD3d 448, 452 [2006]). Moreover, there was no showing of bad faith on the part of the plaintiff or prejudice to ABC (*see Buran v Coupal*, 87 NY2d at 182; *Duffy v Horton Mem. Hosp.*, 66 NY2d at 477; *Vincente v Roy Kay, Inc.*, 35 AD3d at 452; *Khalil v Guardino*, 288 AD2d 349, 350 [2001]; *Austin v Interfaith Med. Ctr.*, 264 AD2d 702, 704 [1999]; *Yaniv v Taub*, 256 AD2d 273, 275 [1998]; *see also Quiroz v Beitia*, 68 AD3d 957, 960 [2009]). Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to amend the complaint to add ABC as a defendant in the main action and in directing the plaintiff to serve an amended summons and complaint upon it. Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.