◼ PATRICIA HEADLEY, Appellant, v CITY OF NEW YORK et al., Respondents. [982 NYS2d 149]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated February 15, 2012, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5), in effect, to dismiss the amended complaint insofar as asserted against the defendant City of New York as time-barred and denied her cross motion to compel the defendants to accept the amended complaint and pursuant to CPLR 5003-a and CPLR 2104 to compel the defendants to comply with a stipulation of settlement.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5), in effect, to dismiss the amended complaint insofar as asserted against the defendant City of New York as time-barred and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's cross motion which was to compel the defendant City of New York to accept the amended complaint and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a determination of that branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against the defendant City of New York.

On July 30, 2009, the plaintiff allegedly tripped and fell while walking across the Brooklyn Bridge, sustaining injuries. Following the incident, the plaintiff timely served a notice of claim upon the New York City Department of Transportation (hereinafter the DOT) and the City of New York. On June 21, 2010, the City conducted a General Municipal Law § 50-h hearing. On October 22, 2010, the plaintiff commenced this action against the DOT, but failed to name the City as a defendant. During this time, the New York City Comptroller (hereinafter the Comptroller) and the plaintiff entered into settlement negotiations, and they agreed to settle the action for $25,000. On November 9, 2010, the plaintiff duly executed, inter alia, a stipulation of settlement and releases (hereinafter collectively the settlement documents) prepared by the Comptroller, which had been forwarded to the plaintiff's attorney for the plaintiff to sign. On or about December 9, 2010, the New York City Law Department rejected the settlement, returning the settlement documents to the plaintiff, on the basis that there was no action pending against the City. The plaintiff then filed an amended summons and verified complaint naming both the City and the DOT as defendants. Subsequently, the DOT and the City (hereinafter together the defendants) moved pursuant to CPLR 3211 (a) (5), in effect, to dismiss the amended complaint insofar as asserted against the City as time-barred or for summary judgment dismissing the amended complaint insofar as asserted against the City. The plaintiff cross-moved to compel the defendants to accept the amended complaint and pursuant to CPLR 5003-a and CPLR 2104 to compel the defendants to comply with the stipulation of settlement. The Supreme Court granted that branch of the defendants' motion which was to

dismiss the amended complaint insofar as asserted against the City as time-barred, declined to determine that branch of the motion which was for summary judgment dismissing the amended complaint, in effect, on the ground that that branch of the motion was academic, and denied the plaintiff's cross motion in its entirety.

The Supreme Court erred in granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5), in effect, to dismiss the amended complaint insofar as asserted against the City as time-barred and in denying that branch of the plaintiff's cross motion which was to compel the City to accept the amended complaint. Although the statute of limitations had expired on the cause of action insofar as asserted against the City, the plaintiff successfully demonstrated a basis for application of the relation back doctrine (*see* CPLR 203 [b]; *Thomsen v Suffolk County Police Dept.*, 50 AD3d 1015, 1018 [2008]; *see also Rotondi v DeFazio*, 92 AD3d 859, 859 [2012]; *DeLuca v Baybridge at Bayside Condominium I*, 5 AD3d 533, 534-535 [2004]; *Losner v Cashline, L.P.*, 303 AD2d 647, 647-649 [2003]; *see generally Buran v Coupal*, 87 NY2d 173 [1995]). In order for claims against one defendant to relate back to claims asserted against another, a plaintiff must establish that " '(1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well' " (*Sally v Keyspan Energy Corp.*, 106 AD3d 894, 897 [2013], quoting *Austin v Interfaith Med. Ctr.*, 264 AD2d 702, 703 [1999]). Here, the plaintiff's claim against the City and the claim against the DOT arose out of the same conduct, transaction, or occurrence, and the City is united in interest with the DOT such that it can be charged with notice of the action commenced by the plaintiff against the DOT (*see Thomsen v Suffolk County Police Dept.*, 50 AD3d at 1018; *see also Duffy v Horton Mem. Hosp.*, 66 NY2d 473, 477 [1985]; *Deputron v A & J Tours, Inc.*, 93 AD3d 629, 630 [2012]; *Rodriguez v Paramount Dev. Assoc., LLC*, 67 AD3d 767, 768 [2009]; *Tyz v Integrity Real Estate & Dev., Inc.*, 43 AD3d 1038, 1038 [2007]; *Vincente v Roy Kay, Inc.*, 35 AD3d 448, 452 [2006]). Moreover, no prejudice can be asserted by the City, given that a notice of claim was timely served upon both the City and the DOT, and the City proceeded to negotiate a settle-

ment with the plaintiff. The plaintiff further demonstrated that her initial failure to name the City as a defendant was a mistake, rather than an intentional decision not to assert the claim in order to gain a tactical advantage (*see Buran v Coupal*, 87 NY2d at 181; *Losner v Cashline, L.P.*, 303 AD2d at 649).

Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5), in effect, to dismiss the amended complaint insofar as asserted against the City as time-barred and should have granted that branch of the plaintiff's cross motion which was to compel the defendants to accept the amended complaint.

Contrary to the plaintiff's contention, the stipulation of settlement negotiated by the parties is not enforceable. To be enforceable, stipulations of settlement must conform to the requirements of CPLR 2104 (*see Starr v Rogers*, 44 AD3d 646, 647 [2007]; *DeVita v Macy's E., Inc.*, 36 AD3d 751, 751 [2007]). Insofar as relevant here, CPLR 2104 requires that such an agreement be in writing and signed by the parties (or attorneys of the parties) to be bound by it (*see Bonnette v Long Is. Coll. Hosp.*, 3 NY3d 281, 285 [2004]; *see also Matter of Dolgin Eldert Corp.*, 31 NY2d 1, 8-9 [1972]). Here, since the defendants, as the parties to be bound, never signed the stipulation of settlement, the stipulation did not conform to the requirements of CPLR 2104. Therefore, the stipulation cannot be enforced (*see* CPLR 2104; *Bonnette v Long Is. Coll. Hosp.*, 3 NY3d at 285-286).

The parties' remaining contentions are without merit.

We remit this matter to the Supreme Court, Kings County, to determine that branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against the City, as that branch of the defendants' motion is no longer academic. Skelos, J.P., Dickerson, Leventhal and Miller, JJ., concur.