First Choice Plumbing Corp. v Miller Law Offs., PLLC (2018 NY Slip Op 05825)





First Choice Plumbing Corp. v Miller Law Offs., PLLC


2018 NY Slip Op 05825


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2015-11336
 (Index No. 602921/15)

[*1]First Choice Plumbing Corp., et al., appellants,
v
Miller Law Offices, PLLC, respondent.


Kennedy Lillis Schmidt & English, New York, NY (John T. Lillis, Jr., of counsel), for appellants.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Anthony P. Colavita and Mateo J. Vila of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered October 16, 2015. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that no attorney-client relationship existed.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that no attorney-client relationship existed is denied, so much of the order as, in effect, denied, as academic, the remaining branches of the defendant's motion is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a determination on the merits of the remaining branches of the defendant's motion.
The plaintiffs First Choice Plumbing Corp. (hereinafter First Choice) and Malacy Plumbing Supply, Inc. (hereinafter Malacy), commenced this action to recover damages for legal malpractice against the defendant Miller Law Offices, PLLC, for its alleged negligence concerning two mechanic's liens. The complaint alleges that the plaintiffs failed to receive full payment for plumbing services and supplies they provided on a construction project, and that the plaintiffs each filed a mechanic's lien to recover the monies owed. The complaint further alleges that the liens were extended once, but subsequently lapsed and were extinguished by operation of law, due to the defendant's negligence.
The defendant made a pre-answer motion to dismiss the complaint pursuant to CPLR 3211(a)(1), (5), and (7). The defendant argued, among other things, that no attorney-client relationship existed with respect to the mechanic's liens. In support of that contention, the defendant submitted copies of the lien extensions, which were filed by nonparty Speedy Lien; a copy of a contract between First Choice and nonparty Construction Lien Consultants, LLC, to investigate, recover, and/or settle the debts owed to First Choice, as reflected in one of the mechanic's liens; and emails and a letter. In the order appealed from, the Supreme Court found that the defendant submitted documentary evidence which utterly refuted the plaintiffs' allegation that there was an attorney-client relationship between them and the defendant with respect to the liens and their extensions. Accordingly, the court granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that no attorney-client relationship existed, and denied, in effect, as academic, the remaining branches of the defendant's [*2]motion. The plaintiffs appeal.
A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Leon v Martinez, 84 NY2d 83, 88). "In order for evidence to qualify as documentary,' it must be unambiguous, authentic, and undeniable" (Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996-997; see Fontanetta v John Doe 1, 73 AD3d 78, 86). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Fontanetta v John Doe 1, 73 AD3d at 84-85 [internal quotation marks omitted]). "Conversely, letters, emails, and affidavits fail to meet the requirements for documentary evidence" (25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co., 127 AD3d 850, 851; see Phillips v Taco Bell Corp., 152 AD3d 806, 807; Prott v Lewin & Baglio, LLP, 150 AD3d 908, 909; Gawrych v Astoria Fed. Sav. & Loan, 148 AD3d 681, 682).
Here, the emails and letters submitted in support of the defendant's motion were not documentary evidence within the meaning of CPLR 3211(a)(1). To the extent that the other evidence submitted was documentary, that evidence did not conclusively establish the absence of an attorney-client relationship between the plaintiffs and the defendant with respect to the liens and their extensions. Thus, the Supreme Court should not have granted that branch of the defendant's motion which was to dismiss the complaint on this ground.
In light of our determination, the other branches of the defendant's motion are no longer academic, and we remit the matter to the Supreme Court, Nassau County, for a determination on the remaining branches of the defendant's motion (see Midorimatsu, Inc. v Hui Fat Co., 99 AD3d 680, 683; cf. Stein v Doukas, 128 AD3d 805, 805-806; Headley v City of New York, 115 AD3d 804, 807).
MASTRO, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court