Lacanfora v Tully (2025 NY Slip Op 04640)

Lacanfora v Tully

2025 NY Slip Op 04640

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-04538
 (Index No. 704776/16)

[*1]John Lacanfora, appellant, 
v
Kenneth Tully, Sr., et al., defendants; Quadrozzi Realty Corp., nonparty- respondent.

Rosenbaum & Rosenbaum, P.C. (The Law Office of Michael James Prisco PLLC, Massapequa, NY, of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Kevin J. Murtagh and Daniel Glattman of counsel), for nonparty-respondent and defendant John Quadrozzi, Jr.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered March 21, 2023. The order denied the plaintiff's motion for leave to amend the complaint to add Quadrozzi Realty Corp. as a defendant.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for leave to amend the complaint to add Quadrozzi Realty Corp. as a defendant is granted.
On February 28, 2014, the plaintiff allegedly was injured when he slipped and fell on snow and ice at certain property located in Queens. In April 2016, the plaintiff commenced this action to recover damages for personal injuries against the alleged owners of the property, including the defendant John Quadrozzi, Jr., and the defendants Quadrozzi, Inc., and Quadrozzi Enterprises, Inc., doing business as Quadrozzi Realty Corp. (hereinafter together the Quadrozzi entities). Quadrozzi Realty Corp. was not named as a defendant in the action.
The Quadrozzi entities interposed an answer dated August 13, 2017, that was verified by Quadrozzi. Thereafter, Quadrozzi and Quadrozzi Realty Corp. interposed an answer dated December 6, 2019.
On December 11, 2020, Quadrozzi and Quadrozzi Realty Corp. moved, inter alia, to dismiss the complaint insofar as asserted against them on the ground that the statute of limitations had expired and for lack of personal jurisdiction. The plaintiff opposed the motion and cross-moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Quadrozzi and Quadrozzi Realty Corp. In an order dated June 11, 2021, the Supreme Court, among other things, granted that branch of the motion of Quadrozzi and Quadrozzi Realty Corp. which was to dismiss the complaint insofar as asserted against them and denied the plaintiff's cross-motion.
In December 2021, the plaintiff moved for leave to amend the complaint to add Quadrozzi Realty Corp. as a defendant pursuant to the relation-back doctrine. Quadrozzi Realty [*2]Corp. opposed the plaintiff's motion, arguing, inter alia, that the Supreme Court's determination in the June 11, 2021 order that the statute of limitations had expired as to Quadrozzi Realty Corp. was the law of the case. In an order entered March 21, 2023, the court denied the motion, stating that "[i]n as much as it appears that the previous Order . . . dated June 11, 2021, determined that [the] plaintiff's claims as against Quadrozzi Realty Corp[.] are time barred, [the] plaintiff's instant application is denied." The plaintiff appeals.
Pursuant to the June 11, 2021 order, the Supreme Court granted dismissal of the complaint insofar as asserted against Quadrozzi Realty Corp. on the ground that the statute of limitations had expired and for lack of personal jurisdiction. The determination in the June 11, 2021 order, which the plaintiff appealed from but did not perfect, constituted the law of the case, and the court properly applied that doctrine in the order appealed from, wherein it determined, in effect, that, pursuant to that doctrine, the plaintiff's claim against Quadrozzi Realty Corp. was time-barred and the plaintiff was precluded from relitigating this issue in the context of a motion for leave to amend the complaint pursuant to the relation-back doctrine (see Matter of Oneekah N.C. v David J., 216 AD3d 1090, 1091; Brown-Jodoin v Pirrotti, 138 AD3d 661, 663; Certain Underwriters at Lloyd's London v North Shore Signature Homes, Inc., 125 AD3d 799, 800).
However, because the law of the case doctrine does not bind an appellate court, under the circumstances, we will consider the merits of the plaintiff's motion for leave to amend the complaint to add Quadrozzi Realty Corp. as a defendant pursuant to the relation-back doctrine (see Brown-Jodoin v Pirrotti, 138 AD3d at 663; Hothan v Mercy Med. Ctr., 105 AD3d 905, 905). Upon consideration of the merits in the exercise of discretion (see Bray v Cox, 38 NY2d 350), we find that the plaintiff is entitled to leave to amend the complaint to add Quadrozzi Realty Corp. as a defendant pursuant to the relation-back doctrine.
"The relation-back doctrine allows causes of action asserted against a new defendant in an amended complaint to relate back to causes of action previously asserted against a codefendant in the same action for statute of limitations purposes" (Uddin v A.T.A. Constr. Corp., 164 AD3d 1400, 1401). The relation-back doctrine applies when "(1) the claims arise out of the same conduct, transaction or occurrence; (2) the new party is 'united in interest' with an original defendant and thus can be charged with such notice of the commencement of the action such that a court concludes that the party will not be prejudiced in defending against the action; and (3) the new party knew or should have known that, but for a mistaken omission, they would have been named in the initial pleading" (Matter of Nemeth v K-Tooling, 40 NY3d 405, 407-408; see Buran v Coupal, 87 NY2d 173, 178). "The linchpin of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period" (Wilson v Rye Family Realty, LLC, 218 AD3d 836, 838 [internal quotation marks omitted]; see Uddin v A.T.A. Constr. Corp., 164 AD3d at 1401).
Here, Quadrozzi Realty Corp. does not dispute that the claim against it arose out of the same conduct, transaction, or occurrence as alleged in the initial pleading.
With regard to the second prong, the plaintiff established that Quadrozzi Realty Corp. was united in interest with the Quadrozzi entities originally named as defendants inasmuch as Quadrozzi Realty Corp. and the Quadrozzi entities, "'intentionally or not, often blurred the distinction between them'" (Wilson v Rye Family Realty, LLC, 218 AD3d at 839, quoting Uddin v A.T.A. Constr. Corp., 164 AD3d at 1401). Moreover, the plaintiff established that Quadrozzi Realty Corp. had notice of the potential claim against it within the applicable limitations period (see Uddin v A.T.A. Constr. Corp., 164 AD3d at 1402; Deputron v A & J Tours, Inc., 93 AD3d 629, 630).
With regard to the third prong, the relation-back doctrine "is not limited to cases where the amending party's omission results from doubts regarding the omitted party's identity or status" (Matter of Nemeth v K-Tooling, 40 NY3d at 410). The relation-back "doctrine applies when the party knew or should have known that, but for the mistake—be it a simple oversight or a mistake of law (i.e., that the amending party failed to recognize the other party as a legally necessary party)—the non-amending party would have been named initially" (id. at 412; see Buran v Coupal, 87 NY2d at 180-181). Here, the plaintiff demonstrated that his initial failure to name Quadrozzi [*3]Realty Corp. as a defendant was a mistake, rather than an intentional decision not to assert the claim in order to gain a tactical advantage (see Buran v Coupal, 87 NY2d at 181; Headley v City of New York, 115 AD3d 804, 807). The omission was due to a mistake of law, that is, although when the plaintiff commenced the action, he knew that Quadrozzi Realty Corp. was the purported owner of the property, he mistakenly believed that because Quadrozzi Realty Corp. was a dissolved corporation, it could not be sued and subjected to liability (see Matter of Nemeth v K-Tooling, 40 NY3d at 413-414).
Quadrozzi Realty Corp.'s remaining contentions are without merit.
BARROS, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court