Egelandsdal v Massaro (2025 NY Slip Op 06156)

Egelandsdal v Massaro

2025 NY Slip Op 06156

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2021-05804
2021-05807
2022-02444
 (Index No. 600299/17)

[*1]Tyler Egelandsdal, appellant, 
v
Christopher Massaro, defendant third-party defendant, B & M Nachos Corp., defendant third-party plaintiff; MAS Security Associates, Inc., third-party defendant-respondent, et al., third-party defendant.

Edelman, Krasin & Jaye, PLLC, Westbury, NY (Aaron D. Fine and Monica Becker of counsel), for appellant.
Wade Clark Mulcahy LLP, New York, NY (Robert J. Cosgrove of counsel), for third-party defendant-respondent.
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Denise L. Sher, J.), dated July 7, 2021, (2) an order of the same court dated July 12, 2021, and (3) an order of the same court dated March 23, 2022. The order dated July 7, 2021, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to serve and file a supplemental summons and amended complaint adding the third-party defendant MAS Security Associates, Inc., as a direct defendant. The order dated July 12, 2021, granted the motion of the third-party defendant MAS Security Associates, Inc., for summary judgment dismissing the third-party complaint insofar as asserted against it. The order dated March 23, 2022, denied the plaintiff's motion for leave to reargue his prior motion, among other things, for leave to serve and file a supplemental summons and amended complaint adding the third-party defendant MAS Security Associates, Inc., as a direct defendant and his opposition to the motion of the third-party defendant MAS Security Associates, Inc., for summary judgment dismissing the third-party complaint insofar as asserted against it.

DECISION & ORDER
By order to show cause dated May 15, 2024, this Court granted the plaintiff's motion to stay the trial in the action pending hearing and determination of the appeals and directed the parties to show cause why an order should or should not be made and entered dismissing the appeal from the order dated July 12, 2021, on the ground that the plaintiff is not aggrieved (see CPLR 5511). By decision and order on motion of this Court dated September 25, 2024, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeal, it is
ORDERED that the motion to dismiss the appeal from the order dated July 12, 2021, on the ground that the plaintiff is not aggrieved is granted (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the appeal from the order dated July 12, 2021, is dismissed; and it is further,
ORDERED that the appeal from the order dated March 23, 2022, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated July 7, 2021, is reversed insofar as appealed from, on the law and in the exercise of discretion, and that branch of the plaintiff's motion which was for leave to serve and file a supplemental summons and amended complaint adding the third-party defendant MAS Security Associates, Inc., as a direct defendant is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On September 24, 2016, the plaintiff was a patron of a bar owned and operated by the defendant B & M Nachos Corp. (hereinafter B & M) located in Hempstead (hereinafter the premises) when the defendant Christopher Massaro allegedly punched the plaintiff in the head. The third-party defendant MAS Security Associates, Inc. (hereinafter MAS), allegedly provided security for B & M. In January 2017, the plaintiff commenced the instant action against Massaro and B & M, asserting, among other things, causes of action against B & M premised upon B & M's alleged negligence in failing to provide adequate security at the premises. B & M answered the complaint and, prior to the expiration of the limitations period applicable to the plaintiff's causes of action (CPLR 214[5]), commenced a third-party action in June 2019 against, among others, MAS, inter alia, for contractual and common-law indemnification. MAS interposed an answer to the third-party complaint.
Following the completion of discovery, in November 2020, the plaintiff moved, among other things, for leave to serve and file a supplemental summons and amended complaint adding MAS as a direct defendant. The proposed amended complaint asserted a negligence cause of action premised upon MAS's failure to keep the premises reasonably safe. MAS opposed the plaintiff's motion and separately moved for summary judgment dismissing "any and all claims against it." The plaintiff opposed MAS's motion. B & M did not oppose either motion. In an order dated July 7, 2021, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for leave to serve and file a supplemental summons and amended complaint adding MAS as a direct defendant. In an order dated July 12, 2021, the court granted MAS's motion for summary judgment dismissing the third-party complaint insofar as asserted against it. Thereafter, the plaintiff moved for leave to reargue his prior motion, among other things, for leave to serve and file a supplemental summons and amended complaint adding MAS as a direct defendant and his opposition to MAS's motion for summary judgment dismissing the third-party complaint insofar as asserted against it. In an order dated March 23, 2022, the court denied the plaintiff's motion for leave to reargue. The plaintiff appeals.
The appeal from the order dated March 23, 2022, must be dismissed because no appeal lies from an order denying reargument (see Hudesman v Dawson Holding Company, 230 AD3d 744).
The Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to serve and file a supplemental summons and amended complaint adding MAS as a direct defendant. "In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (LaLima v Consolidated Edison Co. of N.Y., Inc., 151 AD3d 832, 834 [internal quotation marks omitted]; see CPLR 3025[b]; Castaldi v Castle Restoration, LLC, 207 AD3d 618, 619). "Delay alone is insufficient to bar an amendment to the pleading; [i]t must be lateness coupled with significant prejudice to the other side" (R & G Brenner [*2]Income Tax Consultants v Gilmartin, 166 AD3d 685, 687 [internal quotation marks omitted]).
Here, as there is no dispute that the three-year statute of limitations applicable to the plaintiff's cause of action alleging negligence (see CPLR 214[5]) had expired by the time that the plaintiff moved, inter alia, for leave to serve and file a supplemental summons and amended complaint adding MAS as a direct defendant, whether the amendment may be allowed depends upon whether the relation-back doctrine applies (see CPLR 203[f]; Buran v Coupal, 87 NY2d 173, 178; Duffy v Horton Mem. Hosp., 66 NY2d 473, 477-478; Deputron v A & J Tours, Inc., 93 AD3d 629, 629), with the burden being on the plaintiff to establish that the doctrine applies (see Rivera v Wyckoff Hgts. Med. Ctr., 175 AD3d 522, 523-526). B & M's third-party complaint and the plaintiff's proposed amended complaint arise out of the same conduct, transaction, or occurrence (see Deputron v A & J Tours, Inc., 93 AD3d at 629-630). Also, there is no dispute that MAS was "a participant in the litigation" (Duffy v Horton Mem. Hosp., 66 NY2d at 477). Moreover, "[t]he proposed amendment was not palpably insufficient or devoid of merit, and there was no prejudice to [MAS] in allowing the plaintiff to amend the complaint to add it as a direct defendant" (Richards v Passarelli, 77 AD3d 903, 905; cf. LaLima v Consolidated Edison Co. of N.Y., Inc., 151 AD3d at 834).
Contrary to the Supreme Court's determination, the plaintiff was not required to demonstrate that MAS and B & M were united in interest since the record demonstrates that MAS had actual notice of the plaintiff's potential cause of action against it within the applicable limitations period and was a third-party defendant in the action (see Duffy v Horton Mem. Hosp., 66 NY2d at 477; Deputron v A & J Tours, Inc., 93 AD3d at 630; Tyz v Integrity Real Estate & Dev., Inc., 43 AD3d 1038).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to serve and file a supplemental summons and amended complaint adding MAS as a direct defendant (see Duffy v Horton Mem. Hosp., 66 NY2d at 478; Deputron v A & J Tours, Inc., 93 AD3d at 630; Richards v Passarelli, 77 AD3d at 905).
BARROS, J.P., IANNACCI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court