O'Brien v County of Nassau (2025 NY Slip Op 07012)

O'Brien v County of Nassau

2025 NY Slip Op 07012

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-04358
2024-11165
 (Index No. 600472/20)

[*1]Patricia M. O'Brien, appellant, 
vCounty of Nassau, et al., defendants, Three Arrows Hempstead, LLC, et al., respondents (and third-party actions).

Edelman, Krasin & Jaye PLLC, Westbury, NY (Monica P. Becker of counsel), for appellant.
Quirk and Bakalor, P.C., Garden City, NY (Loretta A. Redmond of counsel), for respondent RDUA Parcel 1, LLC.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Catherine Rizzo, J.), dated February 7, 2024, and (2) an order of the same court dated July 2, 2024. The order dated February 7, 2024, insofar as appealed from, granted that branch of the motion of the defendant Three Arrows Hempstead, LLC, which was for summary judgment dismissing, in effect, the second amended complaint insofar as asserted against it and that branch of the motion of the defendant RDUA Parcel 1, LLC, which was pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against it. The order dated July 2, 2024, denied the plaintiff's motion for leave to reargue her opposition to that branch of the prior motion of the defendant Three Arrows Hempstead, LLC, which was for summary judgment dismissing, in effect, the second amended complaint insofar as asserted against it, and that branch of the motion of the defendant RDUA Parcel 1, LLC, which was pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against it.
ORDERED that the appeal from the order dated July 2, 2024, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated February 7, 2024, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant RDUA Parcel 1, LLC.
In January 2020, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she tripped and fell on a sidewalk in November 2018. In the amended complaint, the plaintiff alleged, inter alia, that Three Arrows Hempstead, LLC (hereinafter Three Arrows), owned the area of the sidewalk where the accident occurred. On April 25, 2022, Three Arrows commenced a second third-party action against RDUA Parcel 1, LLC (hereinafter RDUA), alleging that RDUA owned the area of the sidewalk where the accident occurred. On May 6, 2022, Three Arrows served RDUA by delivering copies of the second third-party summons and [*2]complaint to the Secretary of State. The Secretary of State subsequently mailed the second third-party summons and complaint, along with prior pleadings, to RDUA on August 10, 2022. In September 2022, the plaintiff filed a second amended complaint adding RDUA as a defendant.
Three Arrows moved, among other things, for summary judgment dismissing, in effect, the second amended complaint insofar as asserted against it. RDUA moved, inter alia, pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against it, arguing that the action was time-barred. In an order dated February 7, 2024, the Supreme Court, among other things, granted those branches of the separate motions of Three Arrows and RDUA. Thereafter, the plaintiff moved for leave to reargue her opposition to those branches of the separate prior motions of Three Arrows and RDUA. In an order dated July 2, 2024, the court denied the plaintiff's motion. The plaintiff appeals from both orders.
The appeal from the order dated July 2, 2024, must be dismissed, as no appeal lies from an order denying reargument (see Aloi v Tobal, 236 AD3d 618, 620; U.S. Bank N.A. v Leontakianakos, 235 AD3d 797, 798).
The Supreme Court properly granted that branch of Three Arrows's motion which was for summary judgment dismissing, in effect, the second amended complaint insofar as asserted against it. "Liability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property" (Orellana v Cannon, 227 AD3d 1013, 1013 [internal quotation marks omitted]; see Toner v Trader Joe's E., Inc., 209 AD3d 690, 692). "In the absence of ownership, occupancy, control, or special use, a party generally cannot be held liable for injuries caused by the dangerous or defective condition of the property" (Amparo v Christopher One Corp., 225 AD3d 652, 653 [internal quotation marks omitted]; see Orellana v Cannon, 227 AD3d at 1013; Reeves v Welcome Parking Ltd. Liab. Co., 175 AD3d 633, 634).
Here, Three Arrows established its prima facie entitlement to judgment as a matter of law dismissing, in effect, the second amended complaint insofar as asserted against it by submitting, inter alia, a correction deed establishing that RDUA owned the area of the sidewalk identified by the plaintiff as the location where the accident occurred and an affidavit of a professional land surveyor who opined that Three Arrows did not own that area of the sidewalk (see Orellana v Cannon, 227 AD3d at 1013; Ruggiero v City Sch. Dist. of New Rochelle, 109 AD3d 894, 895; Mitchell v Icolari, 108 AD3d 600, 602). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, under the circumstances of this case, evidence of postaccident repairs made by Three Arrows did not raise a triable issue of fact as to whether Three Arrows controlled the accident site (see Ruggiero v City Sch. Dist. of New Rochelle, 109 AD3d at 895; Mitchell v Icolari, 108 AD3d at 602).
The Supreme Court properly granted dismissal of the second amended complaint insofar as asserted against RDUA as time-barred, albeit on a ground different from that stated by the court. Pursuant to CPLR 214(5), an action to recover damages for personal injuries is subject to a three-year statute of limitations. Executive Orders (A. Cuomo) Nos. 202.8 and 202.67 (9 NYCRR 8.202.8, 8.202.67) tolled the applicable statute of limitations for a 228-day period from March 20, 2020, to November 3, 2020 (see Baker v 40 Wall St. Holdings Corp., 226 AD3d 637, 638; McLaughlin v Snowlift, Inc., 214 AD3d 720, 721). Thus, contrary to the court's determination, the applicable statute of limitations expired on July 16, 2022 (see CPLR 214[5]).
Since the applicable statute of limitations expired prior to the filing of the second amended complaint, the plaintiff was required to demonstrate the applicability of the relation-back doctrine permitting the second amended complaint to relate back to the second third-party complaint (see id. § 203[f]). "[W]here, within the statutory period, a potential defendant is fully aware that a claim is being made against him [or her] with respect to the transaction or occurrence involved in the suit, and is, in fact, a participant in the litigation, permitting an amendment to relate back would not necessarily be at odds with the policies underlying the Statute of Limitations" (Duffy v Horton Mem. Hosp., 66 NY2d 473, 477; see Deputron v A & J Tours, Inc., 93 AD3d 629, 629). Here, the second third-party complaint and the causes of action the plaintiff sought to assert against RDUA [*3]arose out of the same conduct, transaction, or occurrence. However, RDUA established that it did not receive actual notice of the plaintiff's potential causes of action within the limitations period, since the Secretary of State did not mail the second third-party complaint and prior pleadings to RDUA until August 10, 2022, after the expiration of the applicable statute of limitations, and there is no evidence in the record to demonstrate that RDUA participated in the litigation before the statute of limitations expired (see Duffy v Horton Mem. Hosp., 66 NY2d at 477-478; cf. Deputron v A & J Tours, Inc., 93 AD3d at 630; Richards v Passarelli, 77 AD3d 903, 905) or that RDUA and Three Arrows are united in interest (see Weckbecker v Skanska USA Civ. Northeast, Inc., 173 AD3d 936). Accordingly, under these circumstances, the plaintiff was unable to demonstrate the applicability of the relation-back doctrine.
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court